TAYLOR *v.* MORRIS-FORRESTER OIL COMPANY.
</div>

HILL, J. 1. The injuctive order, considered in the light of the decision of this court (*Morris-Forrester Oil Co.* v. *Taylor*, 158 *Ga.* 201, 122 S. E. 680), precludes the defendant O. F. Taylor from engaging in or in any manner participating in aid of sales of gasoline and motor oils by wholesale within twenty miles of the city of Atlanta. It also prohibits O. F. Taylor from making any such sales as the employee or sales agent of another "as if he were the sole proprietor of the business in which he is in fact only an employee." See, in this connection, *Hood* v. *Legg*, 160 *Ga.* 620, 629 (128 S. E. 891), as to contracts in partial restraint of trade, and cit.

2. It appearing from the record that, after the judgment of the Supreme Court had been made the judgment of the trial court, the trial court enjoined the plaintiff in error "from entering into the same kind or similar business as that sold by him to J. E. Forrester and C. R. and L. M. Morris, under the contract set forth in the petition, anywhere within a radius of 20 miles of Atlanta, the defendant being enjoined in accordance with the decision of the Supreme Court rendered in this case;" and there being evidence in the record to authorize the trial judge to find that the plaintiff in error did violate the terms of the order granting the injunction, it was not error, after hearing on rule nisi issued against the plaintiff in error to show cause why he should not be punished for contempt, to adjudge him in contempt of court for

Injunctions, 32 C. J. p. 497, n. 92; p. 509, n. 1.

having violated the previous order of the court, and to sentence him to serve twenty days in jail and to pay a fine of $200, etc.

*Judgment affirmed. All the Justices concur.*

No. 6081. FEBRUARY 18, 1928.

Contempt. Before Judge Humphries. Fulton superior court. May 2, 1927.

Morris-Forrester Oil Company instituted an action to enjoin O. F. Taylor and Reamer Todd from violating a restrictive covenant in a contract of sale. The judge refused an injunction, and on exception the judgment was reversed by the Supreme Court. *Morris-Forrester Oil Co.* v. *Taylor, 158 Ga. 201.* After the return of the remittitur the trial court entered judgment that the defendant, O. F. Taylor, be enjoined, until further order of the court, from entering into the same kind or similar business as that sold by him to J. E. Forrester and C. R. and L. M. Morris, under the contract set forth in the petition, anywhere within a radius of 20 miles of Atlanta, the defendant being enjoined in accordance with the decision of the Supreme Court rendered in this case.

Afterward the plaintiff instituted proceedings to punish the defendant for contempt of court, consisting, as alleged, of the following: He has, ever since the granting of said orders, persisted in carrying on and conducting said business for and in behalf of either himself or the Continental Oil Company, of which he is an employee. He is still working for that company, whose business is that of selling gasoline, motor oils, greases, and distillate, being exactly the same kind of business conducted by plaintiff. Taylor is carrying on said business in violation of the terms of his contract with plaintiff and of court's order. Taylor is working on the pretense that he is selling distillate, but in fact he is continuously calling on the retail dealers of gasoline and motor oils and is actually engaged in the interest of the business of Continental Oil Company. Distillate is a product of crude oil; and if engaging in the sale of said product is not exactly the same kind of business as selling gasoline, it is certainly a similar business. Taylor has continuously carried on his business the same as if he had never made such a contract with plaintiff, and as if he had not been enjoined by this court from so doing. Since January 1, 1927, he caused to be delivered in tank-car lots gasoline at Hampton, Georgia, either in the name of White Lily Oil Company or Mrs. Jennie S. Taylor, some of said shipments being signed for by O. F. Tay-

lor in person. The greater portion thus delivered has been sold and delivered in Atlanta, Georgia, some to No. 33 Gilmer Street, a place conducted ostensibly by O. F. Taylor's brother, but in fact conducted by both O. F. Taylor and his brother; and some delivered to Carroll & Hunter, dealers in Atlanta, Georgia. His participation in this traffic between Hampton and Atlanta is in violation of the court's order. He interested himself and participated in efforts to locate a local plant for the handling of gas and oil in Atlanta; and while not appearing directly as connected with the Dixie Oil Company, he was instrumental in the location of the same and is interested in its operation, and he has been instrumental in causing shipments of gas to be made to the Dixie Oil Company. Since the establishment of the Dixie Oil Company in Atlanta, shipments to Hampton, either in the name of O. F. Taylor, Mrs. Jennie S. Taylor, or White Lily Oil Company have ceased. Taylor has participated in the purchase of truck equipment for gas and oil, pricing the same ostensibly for use out of Atlanta, when in fact said equipment was intended for use in Atlanta; and after having been priced by Taylor as though he were going to buy it for use away from Atlanta, it was in fact bought by his brother, and has been used in the handling of oil and gas in Atlanta and between Hampton and Atlanta. Taylor has been taking orders for automobile oil and gas and causing them to be delivered in Atlanta, although attempting to conceal his own connection with said delivery by causing it to be made by his brother or by the Dixie Oil Company. Taylor has attempted to employ men to work in the gas and oil business in Atlanta, ostensibly for the Dixie Oil Company or his brother; but he is himself personally and primarily interested in the business in which he has sought to employ said men.

Respondent filed a demurrer on the grounds: (1) The facts alleged are insufficient to authorize a judgment of contempt for a violation of the injunction, and amount only to conclusions of law and fact. (2) The petition seeks to contravene respondent's civil rights, and to prevent him from earning a living in a radius of twenty miles of Atlanta. (3) The rule is not within the decision of the Supreme Court, or the injunctive order of the trial court, because there is nothing prohibited by either except selling gas and oil in a radius of twenty miles of Atlanta, and no such sales

are charged. Special grounds of demurrer were, in brief, that the words "being the moving party therein" were not sufficiently explicit to put defendant on notice of what it is he was called on to defend, or what is referred to; that the words "caused to be delivered" were too indefinite, in that it was not charged what had been done; that the allegation, "Plaintiffs' charge that participation in this traffic between Hampton and Atlanta on the part of O. F. Taylor is a violation of the court's order," was a conclusion of the pleader, and was not sufficiently explicit, and no order of court was set forth; and that other allegations were too vague and indefinite, but, even if true, they did not constitute such a violation of the injunction as to warrant punishment for contempt; and that others were too vague and indefinite, in that they did not specify acts, and respondent was not informed of what he was called upon to defend. The demurrer was overruled, and the respondent excepted. After introduction of evidence a judgment was rendered finding the respondent to be in contempt of the injunctive order, and imposing penalties by fine and imprisonment; to which judgment the defendant excepted.

*Neufville & Neufville,* for plaintiff in error.

*Paul S. Etheridge* and *Hugh Howell,* contra.