STRAUSS *v.* PHILLIPS; *et vice versa.*

Nos. 10618, 10622.   MAY 18, 1935.

*John F. Echols, John L. Cone,* and *William S. Howard,* for plaintiff.

*Don K. Johnston,* for defendant.

HUTCHESON, Justice.   Leonard Strauss filed a petition against Jack L. Phillips, and alleged that on March 20, 1933, defendant was engaged in the retail jewelry business in the City of Atlanta, Georgia, being connected with and a stockholder in a business known as "Durham Jewelry Company;" and that on said date petitioner purchased all the stock and interest of defendant in said business; and that the following contract was entered into between petitioner and defendant:

"This contract and agreement made and entered into this 20th day of March, 1933, between Jack L. Phillips, hereinafter called party of the first part, and Leonard Strauss, hereinafter called party of the second part, witnesseth: That for and in consideration of the sum of one thousand dollars in hand paid, receipt whereof is hereby acknowledged, the said party of the first part has sold to

and does hereby sell to the party of the second part one hundred shares of stock in a corporation known as the Durham Jewelry Company located in Atlanta, Fulton County, Georgia, and conveys to the said party of the second part all the interest, of whatever nature, in the stock, furniture and fixtures, notes, accounts, and choses in action, that the said party of the first part has in and to the business known as the Durham Jewelry Company, the same being a retail jewelry store. In consideration of the purchase by the party of the second part of the stock and interest of the party of the first part in the said Durham Jewelry Company, the said party of the first part, Jack L. Phillips, does hereby contract and agree with the party of the second part, that he, Jack L. Phillips, will not for a term of five years from this date, March 20, 1933, enter or engage, direct or indirectly, in the retail jewelry business or the sale of jewelry, silverware, diamonds, or watches, either as agent or merchant, in the corporate limits of the City of Atlanta, Georgia."

The plaintiff alleges that the defendant has violated and is violating the terms of said contract, in that on October 22, 1934, he entered into a contract with the E. B. Durham Jewelry Company to represent them as salesman of jewelry in the retail trade in the City of Atlanta, Georgia, and is now engaged in such business; and that the plaintiff's damages by reason of the breach of said contract are incapable of proof. He prays that the defendant be enjoined from engaging directly or indirectly in such business until the expiration of the time fixed in said contract.

The defendant filed a demurrer on the grounds that the petition sets forth no cause of action, that there is no equity in the bill; that it is an effort to enjoin the defendant from doing any work or labor to earn a sustenance; and that it is illegal and contrary to public policy. This demurrer was overruled, and exceptions to this ruling were duly filed.

The defendant's answer denies that he has violated the contract, but admits that he is now employed by E. B. Durham Jewelry Company, not to represent it as salesman or solicit business, but merely as a clerk and servant and laborer in its place of business. He says that he is employed "as a bookkeeper and salesman," but denies that the character of his employment is in violation of his contract with petitioner.

After hearing evidence and argument, the court passed an

order stating that "the injunction is granted as prayed in the petition, and is made permanent as prayed until the further order of court. . . This order is not intended to prevent the defendant from working as a clerk and bookkeeper." To the last sentence of the order the plaintiff excepted. By cross-bill the defendant excepted to the ruling that the injunction be granted as prayed.

1. The petition alleges a breach of contract on the part of defendant; the contract is attached as a part of the petition; facts are alleged whereby such breach is claimed. Allegation is further made that petitioner's damage is incapable of proof. Sufficient facts are alleged to set out a cause of action, and the court did not err in overruling the demurrer.

2. It will be noted that the contract between petitioner and defendant shows a sale of defendant's interest in the Durham Jewelry Company, for a consideration of one thousand dollars. It further provides that defendant "will not for a term of five years from this date, March 20, 1933, enter or engage, directly or indirectly, in the retail jewelry business or the sale of jewelry, silverware, diamonds, or watches, either as agent or merchant, in the corporate limits of the City of Atlanta, Georgia." The contract made by the defendant with his present employer, E. B. Durham Jewelry Company, introduced in evidence, contains the following provisions: "The duties of party of the second part under this agreement are purety clerical, and are to be confined strictly to work within the storehouse and place of business of party of the first part; and party of the second part is not to directly or indirectly become engaged in the business or the profits thereof, but is to be merely a hireling and subject to discharge on a week's notice, and this contract of employment can be terminated by a week's notice given by one party to the other. It is especially understood and agreed that the said party of the second part is not to realize anything from the profits or income from the business, and is to have no interest therein, and his duties under this memorandum of employment are strictly that of a clerk and employee, and said party of the second part is not to solicit business directly or indirectly for party of the first part, but is merely to wait upon the trade that voluntarily comes to the place of business of party of the second part, and to keep the books and perform other duties incident to that of a clerk in a retail store." Evidence was adduced to show

that defendant was engaged in exhibiting jewelry and selling it in his present position. In his own affidavit he says that "he is not a stockholder, director, or officer in said corporation, and that he has merely been hired to wait on customers as they come in the store unsolicited by this defendant, and to keep stock and to clean up the place of business, and to do the general work inside of said store, such as is incident to a clerk or employee in any retail business. Deponent says that there is nothing about the character of his employment that requires any unusual skill or knowledge other than is ordinarily acquired and possessed by any clerk or bookkeeper who has formerly had experience in like business."

The question before the court is whether or not the defendant has violated his contract with petitioner by engaging "directly or indirectly" in the retail jewelry business in the time and within the territorial limits fixed by his contract. In *Morris-Forrester Oil Co.* v. *Taylor,* 158 *Ga.* 201 (122 S. E. 680), involving the sale of a certain oil and gasoline business it was held that the defendant "had covenanted not to become a constituent part, sharer in, partaker of, or engage in or reap the benefits from the sale of gasoline and oil within 20 miles of Atlanta, and the fact that he was engaged as an employee of the Continental Oil Company would be no less a violation of the covenant than if he conducted the business in his own name." It was held further in that case that a contract not to enter into a certain "business or the same kind or similar business is unambiguous and excludes on the part of one who makes such a covenant *any participation or sharing or taking a part in the aid of such sales."* (Italics ours.) See also *Taylor* v. *Morris-Forrester Oil Co.,* 166 *Ga.* 43 (142 S. E. 153). It is argued that the construction placed upon the contract in the instant case is contrary to public policy. This question was ably discussed by Gilbert, J., in *Hood* v. *Legg,* 160 *Ga.* 620 (128 S. E. 891), where he quoted from 6 R. C. L. 793, § 197, as follows: "Public policy requires that every man shall be at liberty to work for himself, and shall not be at liberty to deprive himself or the State of his labor, skill, or talent by any contract that he enters into. On the other hand, public policy requires that when a man has by skill, or by any other means, obtained something which he wants to sell, he should be at liberty to sell it in the most advantageous way in the market; and in order to enable him to sell

it advantageously in the market, it is necessary that he should be able to preclude himself from entering into competition with the purchaser. In such a case, the same public policy that enables him to do this does not restrain him from alienating that which he wants to alienate, and therefore enables him to enter into any stipulation which, in the judgment of the court, is not unreasonable, having regard to the subject-matter of the contract." In this connection we call attention to the case of *Legg* v. *Hood*, 154 *Ga.* 28 (113 S. E. 642), where it was held that "where a proprietor sells out a given business, and as a part of the contract covenants not to engage in a similar business in a particular locality, if such covenant is reasonable and otherwise proper it will not be set aside as void on the ground that it is in restraint of trade and contrary to public policy." In the case at bar the defendant admits in his answer that he acted at times as "bookkeeper and salesman" in his present employment; and we hold that his participation, directly or indirectly, as clerk, bookkeeper, salesman, or in any other capacity, in the same or similar business as that involved in the contract between petitioner and defendant, was a violation of the express covenants therein contained.

The court was correct in granting the injunction; but the case is remanded with direction that the decree be modified by striking therefrom the language: "This order is not intended to prevent the defendant from working as a clerk and bookkeeper."

*Judgment on main bill of exceptions affirmed, with direction; judgment on cross-bill affirmed. All the Justices concur.*