## KUTASH *v.* GLUCKMAN.

No. 14057. APRIL 16, 1942.

*Arnold S. Kaye* and *Bertram S. Boley,* for plaintiff in error.
*Dillon & Rose,* contra.

JENKINS, Justice. ■ Among the contracts that are stated by the Code, §. 20-504, to be unenforceable because "against the policy of the law" are "contracts in general restraint of trade." It seems to have long been the rule both in this and other States, in the evolution from strict limitations of the early common law to more liberal principles under modern adjudications, that while a contract in general restraint of trade is void, a contract only in partial restraint will be upheld, "provided the restraint be reasonable," and the contract be valid in other essentials. *Holmes* v. *Martin,* 10 *Ga.* 503, 505; *Brewer* v. *Lamar,* 69 *Ga.* 656, 659 (47 Am. R. 766), and cit.; 36 Am. Jur. 482, § 5. This general rule, which is applicable especially to sales that include the good will of a business, is also particularly applicable to such a sale by a partner to his copartners of his interest in the partnership. 36 Am. Jur. 538, 539, 543, 544 (§§ 58, 59, 63, 65). See, in this connection, *Marshall* v. *Johnson,* 33 *Ga.* 500 (2), 507.

■ Whether the restraints imposed by such a contract are reasonable presents a question of law for determination by the court; and not one of fact for the jury. In deciding this question, "the

court will look to the whole subject-matter of the contract, the kind and character of business, its location, the purpose to be accomplished by the restriction, and all circumstances [which show] the intention of the parties and which must have entered into the making of the contract." *Hood* v. *Legg,* 160 *Ga.* 620, 625, 632 (128 S. E. 891) ; *Rakestraw* v. *Lanier,* 104 *Ga.* 188, 194 (30 S. E. 735, 69 Am. St. R. 154) ; *Bullock* v. *Johnson,* 110 *Ga.* 486, 493 (35 S. E. 703) ; *Smith* v. *DuBose,* 78 *Ga.* 413, 440 (3 S. E. 309, 6 Am. St. R. 260) ; 36 Am. Jur. 532, § 51. Although these general principles obtain in the construction of such contracts as to their reasonableness, there are in this State other well-settled tests which control in this determination, whatever rules may prevail in other jurisdictions.

■ "A contract without limitation as to *space* or territory, although limited as to time, not to engage in a particular trade or business, is unenforceable as being against the policy of the law." *Bonner* v. *Bailey,* 152 *Ga.* 629, 632 (110 S. E. 875), and cit.; *Everett* v. *Boone,* 157 *Ga.* 372 (121 S. E. 240) ; *Carson* v. *Sun Life Assurance Co.,* 56 *Ga. App.* 164 (3), 166 (192 S. E. 241). But a contract which "affords a fair protection to the party in whose favor it is made, and is not injurious to the public . . may extend to all the territory covered by the business the good will of which has been sold ;" and such an agreement not to engage for a stated time "in the manufacture or sale of brick or clay products in a radius of 300 miles from the location of such a plant" has been held legal. *Legg* v. *Hood,* 154 *Ga.* 28 (113 S. E. 642) ; *Hood* v. *Legg,* 160 *Ga.* 620 (2), 629, and cit., supra.

■ With respect to whether such a contract is valid, if it is unlimited as to *time,* "a distinction exists between that class of contracts binding one to desist from the practice of a *learned profession,* and those which bind one who has sold out a mercantile or other kind of *business,* and the good will therewith connected, not to again engage in that business. In the former class, there should be a reasonable limit as to time, so as to prevent the contract from operating with unnecessary harshness against the person who is to abstain from practicing his *profession* at a time when his so doing could in no way benefit the other contracting party. In the latter class such limit is not essential to the validity of the contract, but the restraint may be indefinite. In . . *Swanson* v.

*Kirby,* 98 *Ga.* 586 [26 S. E. 71], there was a purchase of property and of a *business* connected with the same, and necessarily the good will pertaining to that business was involved. That case, therefore, belongs to the latter of the above-mentioned classes, and is distinguishable" from cases in the former class. (Italics ours.) *Rakestraw* v. *Lanier,* 104 *Ga.* 188 (3) (supra). As to the reasons for this distinction with regard to *unlimited time,* see 104 *Ga.* 198-202; *McAuliffe* v. *Vaughan,* 135 *Ga.* 852, 858 (70 S. E. 322, 33 L. R. A. (N. S.) 255, 22 Ann. Cas. 290); 6 R. C. L. 793, § 197. The principle that applies to the learned professions has been extended to occupations which require special skill, such as an agreement not to work in a town as a barber at any time in the future. *Brown* v. *Williams,* 166 *Ga.* 804 (144 S. E. 256). As to agreements by employees with their employers not to engage in any rival business, and the rule in this State that the time fixed shall not extend beyond a reasonable period after the employment, see *Shirk* v. *Loftis,* 148 *Ga.* 500, 504 (97 S. E. 66); *Ogle* v. *Wright,* 187 *Ga.* 749, 750 (2 S. E. 2d, 72), and cit. Under these distinctions, there is no conflict between the uniform holdings of this court, that a contract in the sale of properties and good will of a *business* not to engage in such a *business* within a reasonable space of territory need not be limited as to *time,* with other holdings as to professions, occupations requiring special skill, and contracts between employers and employees. *Goodman* v. *Henderson,* 58 *Ga.* 567, 569; *Swanson* v. *Kirby,* 98 *Ga.* 586, 593 (supra); *McAuliffe* v. *Vaughan,* 135 *Ga.* 852 (3), 857, 858 (supra); *Hood* v. *Legg,* 160 *Ga.* 627 (supra); *Holloway* v. *Brown,* 171 *Ga.* 481, 482 (155 S. E. 917).

█ Under the preceding rulings, the instant petition by the owner of a partnership business, engaged in buying and selling metals, with "great distances between customers," to restrain and enjoin a former copartner from violating their contract, was not subject to general demurrer as showing an agreement in unreasonable restraint of trade, even though the contract was unlimited as to *time,* where under the alleged agreement, the plaintiff purchased the defendant's interest, including the good will of the partnership, for cash or its equivalent, and as part of the agreement the defendant undertook "not to call on any customers within a radius of 200 miles of Atlanta" and "not to conduct a similar business"

810

within such radius, and where it was alleged that defendant was violating this agreement by dealing with customers and conducting a competing ·business both in Atlanta and within a hundred-mile radius of the city.

■ The amended petition was not subject to the specific ground of general demurrer that the petition showed an oral contract unlimited as to the time of performance, and therefore the contract was within the statute of frauds, since, under the averments, the defendant received the full consideration for his promise to the plaintiff; and the situation falls within the exception to the statute, "where there has been performance on one side, accepted by the other in accordance with the contract." Code, § 20-402 (2). But for this plain and unequivocal provision of our law as embodied in the Code, it might otherwise be suggested that a performance by one party, though accepted by the other as in accordance with the ·contract, might not be sufficient to take the case out of the provisions of the statute of frauds unless the performance· related to that portion of the contract which was forbidden by the statute of frauds. See, in this connection, 27 C. J. 349, § 430 (2). Such a construction, however, is not authorized by the broad and unambiguous language of the Code.

■ Under the above rulings, the court did not err in overruling the general demurrer to the amended petition.

*Judgment affirmed.* *All the Justices concur.*