The DAY COMPANIES, Inc., Appellant,

v.

Claud T. PATAT, Jr., et al., Appellees.

No. 26093.

United States Court of Appeals
Fifth Circuit.

Nov. 26, 1968.

Rehearing Denied Dec. 23, 1968.
Certiorari Denied March 3, 1969.

See 89 S.Ct. 993.

William J. Threadgill, Threadgill & Smith, Columbus, Miss., James D. Maddox, Matthews, Maddox, Walton & Smith, Rome, Ga., for appellant.

H. A. Stephens, Charles F. Barnwell, Atlanta, Ga., Marson G. Dunaway, Jr., Rockmart, Ga., for appellees; Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., of counsel.

Before BELL and MORGAN, Circuit Judges, and GUINN, District Judge.

LEWIS R. MORGAN, Circuit Judge:

This diversity action sought injunctive relief and damages for the enforcement of a covenant not to compete, allegedly violated by defendants Claud T. Patat, Jr., John L. Farris, and Patat Plywood Corporation. Appellant is The Day Companies, Inc., successor to Columbus Packing Company, Inc.

The appellees, Patat, et al., filed a motion to dismiss pursuant to Rule 12(b),

Federal Rules of Civil Procedure, on the ground that the covenant not to compete was contrary to the public policy of Georgia and therefore null and void, and that the covenant was so indefinite as to the description of the business and employment prohibited to be unreasonable. Day afterward amended the complaint. The District Court held that the amendment did not cure the complaint and dismissed the complaint as amended. It is from this order of dismissal that the appeal was brought to this Court.

The action alleges that in April of 1966, John L. Farris was the president and majority stockholder of Farris Plywood Company, a corporation engaged in the manufacture and sale of plywood in Cuthbert, Georgia. Claud T. Patat, Jr., was manager of Farris Plywood Company. On April 20, 1966, Farris Plywood Company was sold to Columbus Packing Company, a Mississippi corporation. This sale of the business was accompanied by a "covenant not to compete" wherein John L. Farris agreed:

"the said John L. Farris, individually, further agrees that during the term of his said employment, and for a period of five years thereafter (that is, until December 31, 1971) he will not, either directly or indirectly, alone or in concert with any other person, firm or corporation, be connected with or concerned in any business or employment which shall be in competition with Farris in the area presently operated in by Farris."

A later merger gave the Day Companies, Inc., the appellant-plaintiff herein, all the rights, title and interest which Columbus Packing Company, Inc., had in the business and in the contract with John L. Farris. In March, 1967, the defendant corporation, Patat Plywood Corporation, was incorporated with Claud T. Patat, Jr., and John L. Farris as officers, and began to operate in the manufacture and sale of plywood in Polk County, Georgia, some 175 miles north of Cuthbert, Georgia. Claud T. Patat, Jr., and Patat Plywood Corporation allegedly had knowledge of the terms of the contract and were abetting John L.

Farris in the violation of his contract with plaintiff The Day Companies.

■ The ultimate issue which this Court must determine is whether the provision of the contract set out above is void as contrary to the public policy of Georgia, or whether such provision is valid and therefore enforceable. Under *Erie-Klaxon*,[1] the District Court was required to apply the Georgia law, sitting as a Georgia Court.

■ The three prime requisites to sustain a covenant not to compete in Georgia are: (1) reasonableness as to the time of restraint; (2) definiteness and reasonableness as to the territory involved; and (3) definiteness as to the nature, kind and character of the activities prohibited by the contract.

■ Although the appellees attempt to void the contract as violating the requisites as to time and territory, we conclude that the District Court was correct in its conclusions that the contract was valid as to these two essentials of a covenant not to compete.

The contract in the case at hand was limited to five years. This restriction was reasonable. The Georgia authorities support the proposition that a contract for the sale of business may contain a covenant not to compete that is unlimited in time. As far back as 1877 the Supreme Court of Georgia dealing with the sale of a business held in the case of Goodman v. Henderson, 58 Ga. 567, that "the limit of time made no difference if the contract was limited as to space".

Considering the challenge as to the territory prerequisite, was this covenant reasonable and definite as to the area involved here? The limitation in the covenant as to territory in the case at hand is found in the phrase "in the area presently operated in by Farris". The cases from the Georgia Courts seem to permit restraints which extend through-out the territory covered by a transferred business. As was observed by Judge Jenkins of the Georgia Supreme Court in Kutash v. Gluckman, 193 Ga. 805, 20 S.E.2d 128 "a contract which affords a fair protection to the party in whose favor it is made, and is not injurious to the public * * * may extend to all the territory covered by the business the good will of which has been sold * * *." We agree with the Court below that the standard of area is met in the agreement in question.

We now reach the third requirement dealing with the definiteness as to the activities and as to the type of business. On this requisite the Court below ruled that the covenant was "indefinite as to the activities prohibited and therefore void and unenforceable as a matter of law". We disagree and reverse.

The part of the covenant ruled void reads:

"he shall not, either directly or indirectly, alone or in concert with any other person, firm or corporation, *be connected with or concerned in any business or employment which shall be in competition with Farris*" (emphasis supplied).

■ Most of the Georgia cases encountered in this restrictive covenant field deal with the first two prerequisites, to-wit: time and space. In attempting to ascertain the applicable Georgia rules, there is no difficulty in finding the appropriate general statements on all three requisites. As was so aptly stated by Judge Hoover of the Ohio Court of Common Pleas,[2] "This is not one of those questions on which the legal researchers cannot find enough to quench his thirst. To the contrary, there is so much authority, it drowns him." In sum, the Georgia rule, and most other jurisdictions, is that a restraint on trade in the form of a covenant will be countenanced when, under all the circumstances, it is reasonable.

1. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

2. Arthur Murray Dance Studios of Cleveland v. Witter, Ohio Com.Pl., 105 N.E.2d 685, 687.

This question, though largely factually orientated, is one for the Court. Rakestraw v. Lanier, 1898, 104 Ga. 188, 30 S. E. 735, and Chief Judge Brown's opinion in Budget Rent-A-Car Corporation of America v. Fein, (5 Cir., 1965) 342 F.2d 509, 514.

The dominant considerations of reasonableness have been expressed for Georgia in several cases. In considering whether the limitations are reasonable, the Court must consider the nature and extent of the trade and the business, the situation of the parties, and all the other circumstances. Rakestraw v. Lanier, supra.

To withstand attack, the covenant must be reasonably necessary to protect the interest of the party in whose favor it is imposed, and must not unduly prejudice the interest of the public. The restrictions imposed upon the seller must not be larger than are necessary for the protection of the buyer.

Georgia, along with many other jurisdictions, has allowed greater latitude in determining the reasonableness of a restrictive covenant when the covenant relates to the sale of a business than in those covenants ancillary to an employment contract. See Orkin Exterminating Co. of South Georgia v. Dewberry, 204 Ga. 794, 51 S.E.2d 669.

A covenant not to compete as an adjunct to the sale of a business enables the seller to capitalize on the disposition of his good will and receive a higher price. In many instances, such as in the case at hand, the covenant may have been the dominant inducement to the Mississippi purchaser, realizing that the plant it was purchasing was a going concern with hope of retaining the present customers. Likewise, the likely effect of the sale of the going business from the seller to the buyer would leave the area with one concern or at least with one less concern.

The Georgia courts dealing with the sale of businesses permit more indulgence as to the scope of activities prohibited by the restrictive covenants. The District Court found that the covenant in the contract at hand indefinite as to the activities prohibited and therefore void and unenforceable as a matter of law. With this holding we cannot agree. The Georgia courts, according to this Court's interpretation of Strauss v. Phillips, 180 Ga. 641, 180 S.E. 123, and Morris-Forrester Oil Co. v. Taylor, 158 Ga. 201, 122 S.E. 680, would have found this "sale of business" more acceptable.

In Strauss v. Phillips, supra, Phillips was engaged in the retail jewelry business in Atlanta, being connected with and owning stock in the business. Strauss purchased all the stock and interest in the business from Phillips, and a contract was entered into between the buyer and the seller. As a consideration of the purchase, Phillips contracted that for a term of five years he would not " * * * enter or engage, directly or indirectly, in the retail jewelry business or the sale of jewelry, silverware, diamonds, or watches, either as agent or merchant * * *."

Phillips sought to work as a bookkeeper and salesman, and when Strauss sought injunctive relief, Phillips contended the covenant was contrary to public policy and prevented him from doing any work or labor or earning a sustenance. The Supreme Court of Georgia in a full bench decision in *Strauss* held at page 644, 180 S.E. at page 125:

"The question before the court is whether or not the defendant has violated his contract with petitioner by engaging 'directly or indirectly' in the retail jewelry business in the time and within the territorial limits fixed by his contract. In Morris-Forrester Oil Co. v. Taylor, 158 Ga. 201, 122 S.E. 680, 682, involving the sale of a certain oil and gasoline business it was held that the defendant 'had covenanted not to become a constituent part, sharer in, partaker of, or engage in or reap the benefits from the sale of gasoline and oil within 20 miles of Atlanta, and the fact that he was engaged as an employee of the Continental Oil

Company would be no less a violation of the covenant than if he conducted the business in his own name.' It was held further in that case that a contract not to enter into a certain 'business or the same kind or similar business is unambiguous and excludes on the part of one who makes such a covenant *any participation or sharing or taking a part in the aid of such sales.*' (Italics ours.) See also Taylor v. Morris-Forrester Oil Co., 166 Ga. 43, 142 S.E. 153. It is argued that the construction placed upon the contract in the instant case is contrary to public policy. This question was ably discussed by Gilbert, J., in Hood v. Legg, 160 Ga. 620 (128 S.E. 891), where he quoted from 6 R.C.L. 793, § 197, as follows: 'Public Policy requires that every man shall be at liberty to work for himself, and shall not be at liberty to deprive himself or the State of his labor, skill, or talent by any contract that he enters into. On the other hand, public policy requires that when a man has by skill, or by any other means, obtained something which he wants to sell, he should be at liberty to sell it in the most advantageous way in the market; and in order to enable him to sell it advantageously in the market, it is necessary that he should be able to preclude himself from entering into competition with the purchaser. In such a case, the same public policy that enables him to do this does not restrain him from alienating that which he wants to alienate, and therefore enables him to enter into any stipulation which, in the judgment of the court, is not unreasonable, having regard to the subject-matter of the contract.' In this connection we call attention to the case of Legg v. Hood, 154 Ga. 28, 113 S.E. 642, where it was held that 'where a proprietor sells out a given business, and as a part of the contract covenants not to engage in a similar business in a particular locality, if such covenant is reasonable and otherwise proper it will not be set aside as void on the ground that it is in re-

straint of trade and contrary to public policy'. In the case at bar the defendant admits in his answer that he acted at times as 'bookkeeper and salesman' in his present employment; and we hold that his participation, directly or indirectly, as clerk, bookkeeper, salesman, or in any other capacity, in the same or similar business as that involved in the contract between petitioner and defendant, was a, violation of the express covenants therein contained."

This Court is of the opinion that the case at hand is controlled by the teachings of Strauss v. Phillips, supra, and the cases cited therein, and that the covenant not to compete executed in the contract of sale between the parties in April, 1966, is valid and enforceable.

For the reasons given, the judgment of the District Court as to the validity of the contract is reversed and the cause is remanded for further proceeding consistent with the views expressed herein.

Reversed and remanded.