**CHEESE SHOP INTERNATIONAL, Inc.**

v.

**Henry H. WIRTH and Richard J. Camarata.**

**Civ. A. No. 12581.**

United States District Court
N. D. Georgia,
Atlanta Division.

May 8, 1969.

Alston, Miller & Gaines, Michael A. Doyle, Atlanta, Ga., for plaintiff.

Lokey & Bowden, Glenn Frick, Atlanta, Ga., for defendants.

5. *See* N.Y.Penal Law of 1909, § 1941 (McKinney app. 1967) (repealed 1967).

## ORDER

**EDENFIELD, District Judge.**

This is an action for injunctive relief in which the plaintiff, Cheese Shop International, Inc., seeks to enjoin defendants Wirth and Camarata from engaging in various unfair trade practices in the operation of a cheese shop which the defendants admittedly plan to open in Phipps Plaza. Furthermore, on the ground that both defendants are bound by covenants not to compete with plaintiff, plaintiff seeks to enjoin their participating in any manner in the affairs of the cheese shop. Plaintiff contends that Defendant Wirth, who terminated his affiliation with Cheese Shop International several months ago, is bound as a former licensee while Defendant Camarata is bound as a present licensee.

The case is now before the court for consideration of plaintiff's request for a preliminary injunction and defendants' motion to strike.[1] It appears from the record that the request for a preliminary injunction is grounded on plaintiff's contentions (1) that defendant is going to adopt plaintiff's distinctive trade dress and otherwise engage in unfair trade practices, and (2) that for defendants to participate in any retail cheese business other than plaintiff's violates covenants not to compete contained in licensing agreements between plaintiff and each defendant.[2]

In exercising its discretion with regard to the granting or denial of a preliminary injunction the trial court must balance the conveniences of the parties, the possible injuries to them, and any effects the granting or withholding of the injunction will have upon the parties. In the instant case there is no allegation from which it could be concluded that there is great danger of immediate irreparable damage to plaintiff and the motion for preliminary injunction must be denied.

Plaintiff's fears that defendants will engage in unfair trade practices, as alleged in Counts 1 and 2, appear to be based upon pure conjecture, and mere speculation that an adverse party might commit a wrongful act is not a proper basis for temporary injunctive relief. Furthermore, although it is clear from the record that these defendants do intend, as alleged in Counts 3 and 4 of the complaint, to participate in the operation of a retail cheese establishment in Phipps Plaza, and it is also clear that if the covenants not to compete are valid their operation of the proposed cheese shop would be in direct violation of the covenants, the court finds that under the criteria established by the Georgia courts these covenants must be classified as general restraints of trade, and they are therefore void under both the constitution and statutes of this State. See Georgia Constitution, Art. IV, Sec. IV, Par. I, and Ga.Code Ann. § 20–504.

The parties are in agreement that covenants by a seller of a business not to compete with his purchaser, or by an em-

---

1. Although labeled "Motion to Strike", it is stated as a motion to dismiss for failure to state a claim upon which relief can be granted and will be so treated by the court.

2. The licensing agreement between plaintiff and Defendant Wirth contained the following provision: "During the term of this License * * * Licensee shall not, without the Corporation's advance written consent, engage or participate directly or indirectly, as owner, principal, employee or agent, or furnish financial aid or other support to any business enterprise or undertaking which is in any manner or degree similar to a Cheese Shop establishment, and in the event of the termination of this License * * * for any reason whatsoever, Licensee shall not, during the period of two (2) years from the date of such termination, engage or participate, directly or indirectly, as owner, principal, employee or agent or furnish financial or other aid or support to any business enterprise or undertaking which is in any manner competitive with *any other establishment licensed by the* Corporation for the sale of cheese and related food products. * * *" (Emphasis added.) The covenant in the agreement between plaintiff and Defendant Camarata was identical except that the italicized words were omitted from that agreement.

ployee not to compete with his employer after the termination of his employment, are void as a matter of public policy if they are unlimited as to either time or place. It also is conceded by all parties that the covenants in question are limited as to time, and that they are unlimited geographically while the licensing agreement is in effect. However, they disagree as to whether the covenant is limited geographically with regard to the post-license period and also as to the effect of the unlimited covenant during the period the license is in effect.

 Plaintiff contends that the covenant by which Defendant Wirth, the former licensee, allegedly is bound is restricted geographically by the words "in any manner competitive with any other establishment licensed by the Corporation." But this view is unacceptable.[3]

Plaintiff has cited no case which lends support to such a view, and the court knows of none. In Day Companies v. Patat, 403 F.2d 792 (5th Cir., 1968), the Court of Appeals held that the words "in competition with" were sufficient to describe the forbidden activities, but both that Court and the court below found that the covenant was restricted as to place by the fact that the restriction applied "in the area presently operated in." Restrictive covenants usually contain the words "in competition with", or "competitive with"—even those that are found to be invalid because geographically unrestricted. This court therefore holds that the covenant in Defendant Wirth's licensing agreement constitutes a general restraint of trade and is void.

 As to Defendant Camarata, plaintiff contends that agreements effective during the term of the business relationship need not be geographically restricted in order to be valid. This contention, too, the court finds to be without merit.

Plaintiff has cited several cases in support of its contention, but after careful consideration of those cases it appears to the court that they in fact lead to the opposite conclusion from that which plaintiff has reached. For example, in Hood v. Legg, 160 Ga. 620, 128 S.E. 891 (1925), the court pointed out that:

" * * * [T]he restraint is partial in the sense that it covers only the time and locality during and in which the vendee carries on the business purchased, and beyond these limitations the seller is at liberty to carry on the same business." *Id.* at 628, 128 S.E. at 895.

In another case relied upon by plaintiff, United States v. Addyston Pipe & Steel Co., 6 Cir., 85 F. 271 (1898), the court did point out that certain agreements in partial restraint of trade are generally upheld as valid, but it went on to emphasize that *before* they can be upheld the court must find that the restraints imposed are reasonably necessary to protect the promisee's business. That appears to be merely another way of saying that the restraints must be no broader than necessary to protect the promisee, and this surely implies time and place restrictions.

In McDonald's System, Inc. v. Sandy's, Inc., 45 Ill.App.2d 57, 195 N.E.2d 22 (1963), also cited by plaintiff, there was a territorial restriction in the covenant

3. Even if there were no problem of geographic limitation here, the quoted portion is probably, with regard to the prohibited activities, too vague to be enforceable. Although the Court of Appeals for the Fifth Circuit has held that the words "in any manner competitive [with the promisee]" are not too vague, Day Companies v. Patat, supra, Defendant Wirth's covenant contains the words "in any manner competitive with any other establishments licensed by the

[promisee]." Thus under the language of his covenant, Mr. Wirth would be precluded from investing money in a restaurant, or a bakery, or an ice cream shop, if any of plaintiff's other licensees happened to have such departments in their establishments. The court also notes that in Mr. Camarata's license agreement plaintiff limited the restriction to "in any manner competitive with the Corporation."

being sued upon; the court merely found that the *extent* of the territorial restriction was not open to question while the business relationship continued to exist. In Saul v. Thalis, 156 F.Supp. 408 (D.C. 1957), a former employee had covenanted not to "engage in any competitive business." The court specifically stated that it did not reach the question as to whether this "inexactitude as to territory" was fatally indefinite as a geographical restriction, since the covenant was found to be invalid on other grounds. *Id.* at 413. Although the court did say that the validity of the covenant could not have been questioned during the term of employment, this was mere dictum since the covenant was sued upon in the post-employment period.

It appears to the court that under Georgia law *any* covenant not to compete is invalid if not limited as to time and space. Shirk v. Loftis Bros. & Co., 148 Ga. 500, 97 S.E. 66 (1918); Rakestraw v. Lanier, 104 Ga. 188, 196, 30 S.E. 735 (1898). See also, Restatement Contracts §§ 513, 514, 516(f); 36 Am.Jur. § 78. The Georgia courts have not made any suggestion, even by way of dictum, that such restrictions are not necessary for the covenant to be valid while the business relationship continues. As the Georgia Supreme Court said in Shirk v. Loftis, supra, "and with respect to restrictive agreements ancillary to a contract of employment, the mere fact that the contract is unlimited as to either time or territory is sufficient to condemn it as unreasonable." Id., 148 Ga. at 505, 97 S.E. at 68. And that case has been cited with approval time and time again. *E. g.*, Rider v. Orkin Exterminating Co., Inc., 224 Ga. 145, 160 S.E.2d 381 (1968).

The court therefore finds that the unfair trade practices alleged by plaintiff do not pose an immediate threat of irreparable harm, and that the covenants in question are invalid as a matter of law.

Accordingly, plaintiff's request for a preliminary injunction is denied and defendants' motion to dismiss for failure to state a claim is granted as to Counts 3 and 4 and denied as to Counts 1 and 2.