The DAY COMPANIES, Inc., Plaintiff-Appellee,

v.

Claud T. PATAT, Jr., John L. Farris and Patat Plywood Corporation, Defendants-Appellants.

No. 30415.

United States Court of Appeals, Fifth Circuit.

April 16, 1971.

---

H. A. Stephens, Jr., I. T. Cohen, Warren C. Fortson, Atlanta, Ga., Marson G. Dunaway, Jr., Rockmart, Ga., for defendants-appellants; Smith, Cohen, Ringel, Kohler, Martin & Lowe, Brackett, Arnall & Stephens, Atlanta, Ga., of counsel.

James D. Maddox, Matthews, Walton, Smith, Shaw & Maddox, Rome, Ga., William J. Threadgill, Threadgill & Smith, Columbus, Miss., Fred Smith, Ripley, Miss., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and CLARK. Circuit Judges.

PER CURIAM:

This is the second appearance of this case in this Court. Our prior decision is reported, 1968, 403 F.2d 792.

In a carefully considered opinion it was there held by a panel of this Court that a contract from a seller not to compete with his buyer was valid under Georgia law. The covenant not to compete was expressed in the following language:

> "the said John L. Farris, individually, further agrees that during the term of his said employment, and for a period of five years thereafter (that is, until December 31, 1971) he will not, either directly or indirectly, alone or in concert with any other person, firm or corporation, be connected with or concerned in any business or employment which shall be in competition with Farris in the area presently operated in by Farris." 403 F.2d 793.

After remand, and upon trial to the merits, the parties vigorously disagreed about the meaning and extent of the covenant language, *"in the area presently operated in by Farris"*.

Mr. Farris claimed that it was intended to apply only to his previously existing logging operations in and around Cuthbert, Georgia.

Day argued, of course, that the noncompetitive protection extended to former customers who bought Farris products and to the area in which they operated. There was much argument below, and here, as to whether Dulaney Plywood Corporation, through whom Farris made its sales, was a customer or a jobber or a wholesaler or a factor.

We think this issue was covered by what we said in the prior opinion:

> "Considering the challenge as to the territory prerequisite, was this covenant reasonable and definite as to the area involved here? The limitation in the covenant as to territory in the case at hand is found in the phrase 'in the area presently operated in by Farris'. The cases from the Georgia Courts seem to permit restraints which extend throughout the territory covered by a transferred business. As was observed by Judge Jenkins of the Georgia Supreme Court in Kutash v. Gluckman, 193 Ga. 805, 20 S.E.2d 128 'a contract which affords a fair protection to the party in whose favor it is made, and is not injurious to the public * * * may extend to all the territory covered by the business the good will of which has been sold * * *.' We agree with the Court below that the standard of area is met in the agreement in question." 403 F.2d 794.

The District Court, upon remand, from which this appeal was taken, held that the covenant applied to all those customers who were purchasing manufactured goods produced by Farris at the time he sold the business. It seems clear to us that Day was entitled to that much relief, if not more. There is no cross appeal from the failure to include sales in the territorial areas occupied by

these customers, so we intimate nothing on that point.

 Claud T. Patat, Jr., and Patat Plywood Corporation argue that no injunctive relief should have been granted against them as they were not parties to the original contract. Nevertheless, there was evidence in the record to support the finding of the District Court that the Patats have knowingly been in complicity with Farris in violation of the contract not to compete.

There was no error below. The judgment of the District Court is

Affirmed.