## 28506. FARMER v. AIRCO, INC.

Ingram, Justice. The appellee filed an equitable complaint in Ware Superior Court seeking to enjoin the appellant from violating the

terms of a non-competition covenant contained in a contract for the sale of a business. The trial court overruled appellant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. This ruling was certified for review and is the issue to be decided on appeal.

The facts alleged in the complaint are substantially as follows: The defendant, John Farmer, was, in May of 1971, a holder of common stock in the Welding Supply Company, a Georgia Corporation. In that month, Welding Supply Company (as seller) entered into an agreement with Hughes Welding Supply, Inc. (as buyer) by which Hughes obtained "certain listed assets, the business, good will and name of the company (Welding Supply), which is engaged in the sale and distribution of various welding products and supplies." Mr. Farmer was a party to the contract and signed it as a stockholder. He was an officer and director of the seller corporation, Welding Supply Company.

As an integral part of the sale agreement, the stockholders of Welding Supply Company covenanted as follows: "Covenant Not to Compete: Each of the Stockholders agrees that from and after the closing he will not (unless acting as an officer or employee of the buyer or with the buyer's prior written consent) and the company agrees that from and after the closing, it will not, directly or indirectly, own, manage, operate, join, control or participate in the ownership, management, or control of, or be connected in any manner with, any business under any name similar to the company's name, and that, for a period of five (5) years after the closing, neither any of the stockholders nor the company will in any such manner directly or indirectly compete with buyer or be interested in any competitor of the buyer within one hundred fifty (150) miles radius of the company's present office and will not, during said five-year period, compete with the buyer for the business of the company's present customers as shown by the list of accounts receivable, wherever located. The stockholders and the company agree that the remedy at law for any breach by any of them for the foregoing will be inadequate and that the buyer shall be entitled to injunctive relief."

Subsequently, Hughes Welding Supply, Inc., was itself acquired by the plaintiff, Airco, Inc., effective January 8, 1973, at which time Airco, Inc., also obtained by assignment all of the "right, title and interest in the covenant not to compete." It was further alleged that Farmer, in November of 1972, became associated with Waycross Welding Supply, a business in competition with Airco,

Inc., located within 150 miles of the appellee's office in Waycross, Georgia.

Appellant's argument on appeal is that the trial court erred in failing to dismiss plaintiff's complaint for failure to state a claim "because the contract upon which same is based is indefinite, unreasonable and vague in the description of the prohibited business."

The contractual restraints under consideration are those which tend to diminish competition and trade and have to be considered against a background of public policy generally disfavoring contracts which have that effect. See Code Ann. §§ 2-2701, 20-504. Under the law of Georgia, there are three prerequisites which must be met before non-competition provisions in contracts may be enforced without contravening this expressed public policy. These prerequisites are: 1. The provision must be reasonable as to the time of the restraint. 2. The provision must be definite and reasonable as to the territorial extent of the duty owed not to compete. 3. The provision must be definite and reasonable as to nature of the business activities proscribed by the non-competition covenant. See *Durham v. Stand-By Labor of Ga.,* 230 Ga. 558 (198 SE2d 145); *Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79); *Kutash v. Gluckman,* 193 Ga. 805 (20 SE2d 128); *Hood v. Legg,* 160 Ga. 620 (128 SE 891); *Shirk v. Loftis Bros. & Co.,* 148 Ga. 500 (97 SE 66); and *Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735, 69 ASR 154).

Generally, these provisions apply to noncompetition covenants ancillary to contracts of employment and to those included in agreements for the sale of a business. However, covenants not to compete incorporated in agreements for the sale of a business or its assets have been given greater latitude and broadness in their interpretation and enforcement by Georgia courts. In *Hood v. Legg,* 160 Ga. 620, 628, supra, this court noted: "'There are several reasons for upholding a covenant on the part of the vendor in all such cases to desist from the business in competition with the purchaser, which do not obtain in other cases. In the first place, the restraint is partial in the sense that it covers only the time and locality during and in which the vendee carries on the business purchased, and beyond these limitations the seller is at liberty to carry on the same business. Then, too, the vendor receives an equivalent for his partial abstention from that business, in the increased price paid him for it on account of his covenant; and his entering into and observance of the covenant

not only do not tend to his pauperization to the detriment of the public, but on the contrary, by securing to him the full value of his business and its good will, a value which he has an absolute right to secure in this way, the covenant operates to his affirmative pecuniary benefit and against his impoverishment, in that, while being paid for desisting from the particular business in the locality covered by it, he may still enter upon other pursuits of gain in the same locality or upon this one in other localities. Finally, while such covenant precludes the competition of the covenantor, it is ordinarily neither their purpose nor effect to stifle competition generally in the locality, nor to prevent it at all in a way or to an extent injurious to the public, for the business in the hands of the purchaser is carried on just as it was in the hands of the vendor, the former merely takes the place of the latter, the commodities of the trade are as open to the public as they were before, the same competition exists as existed before, . . . the profits of the business go as they did before to swell the sum of public wealth, the public has the same opportunities of purchasing, if it is a mercantile business and production is not lessened if it is a manufacturing plant.' 6 RCL 793, § 197."

In determining the reasonableness of a particular provision, "the court will look to the whole subject matter of the contract, the kind and character of business, its location, the purpose to be accomplished by the restriction, and all circumstances [which show] the intention of the parties and which must have entered into the making of the contract." *Hood v. Legg,* supra, p. 632.

We turn then to an application of these legal requirements to the present contractual provisions. The time restriction under consideration here is five years, and we believe this provision in the restraint is reasonable. The rule in the Georgia courts is "that a contract in the sale of properties and good will of a business not to engage in such a business within a reasonable space of territory need not be limited as to time. . ." in order to be a valid and binding contract. *Kutash v. Gluckman,* 193 Ga. 805, 809, supra. See also *Brittain v. Reid,* 220 Ga. 794 (141 SE2d 903).

Is the present contractual restraint reasonable as to space and territory? The pertinent provision of this agreement states: "for a period of five (5) years after the closing, neither any of the stockholders nor the company will in any such manner directly or indirectly compete with Buyer or be interested in any

competitor of the Buyer *within one hundred fifty (150) miles radius of the company's present office and will not, during said five-year period, compete with the Buyer for the business of the company's present customers as shown by the list of accounts receivable, wherever located."*

Mr. Justice Jenkins, speaking for this court in *Kutash v. Gluckman,* 193 Ga. 805, 808, supra, observed that "a contract which affords a fair protection to the party in whose favor it is made, and is not injurious to the public . . . may extend to all the territory covered by the business the good will of which has been sold." In light of this, the present covenant would appear to be reasonable and definite and not void as a matter of law. For a similar contractual provision and its construction, see Day Companies v. Patat, 403 F2d 792 (5th Cir. 1968). The object of a non-competition covenant in an agreement for the sale of a business, unlike ancillary covenants in a contract of employment, is to insure that the buyer gets the full value of the business being acquired. A sale of good will implies some obligation to deliver the business sold by refraining from competition with it. Under such circumstances, the owners or sellers are necessarily aware of the nature and extent of the value of the thing bargained away and sold through contract. See Blake, Employee Agreements Not to Compete, 73 Harv. L. Rev. 625, 647.

The good will of the company purchased by Hughes Welding Supply, Inc., extended throughout the geographical area in which the seller, Welding Supply Company, was doing business — 150 miles of the company's office in Waycross, Georgia. It extended as well to such company's existing customers wherever located. Under the contract, the duty not to compete within the specific geographical area of 150 miles radius of Waycross, Georgia, is reasonable and enforceable. The duty not to compete for customers is reasonable and definite because it extends only to those customers existing at the time of the sale as shown by the seller's accounts receivable.

There remains for consideration an inquiry as to the reasonableness and definiteness of the activities proscribed by the present contract. As we view this contract, the kind of business Hughes Welding Supply, Inc., acquired from Welding Supply Company was "the sale and distribution of various welding products and supplies." The non-competition provision states, "neither any of the stockholders nor the Company will in

any such manner [directly or indirectly, own, manage, operate, join, control or participate in the ownership, management, or control of, or be connected in any manner with, any business] . . .compete with Buyer or be interested in any competition of the Buyer . . ." We hold this provision to mean that the stockholder will not compete or otherwise in any way diminish the value of the business sold. See *Black v. Horowitz,* 203 Ga. 294 (46 SE2d 346). In *Strauss v. Phillips,* 180 Ga. 641, 644 (180 SE 123), this court cited with approval the case of *Morris-Forrester Oil Co. v. Taylor,* 158 Ga. 201 (122 SE 680), and said: "The question before the court is whether or not the defendant has violated his contract with petitioner by engaging 'directly or indirectly' in the retail jewelry business in the time and within the territorial limits fixed by his contract. In *Morris-Forrester Oil Co. v. Taylor,* 158 Ga. 201 (122 SE 680), involving the sale of a certain oil and gasoline business, it was held that the defendant 'had covenanted not to become a constituent part, sharer in, partaker of, or engage in or reap the benefits from the sale of gasoline and oil within 20 miles of Atlanta, and the fact that he was engaged as an employee of the Continental Oil Company would be no less a violation of the covenant than if he conducted the business in his own name.' It was held further in that case that a contract not to enter into a certain 'business or the same kind or similar business is unambiguous and excludes on the part of one who makes such a covenant *any participation or sharing or taking a part in the aid of such sales.*' (Italics ours). See also *Taylor v. Morris-Forrester Oil Co.,* 166 Ga. 43 (142 SE 153)."

Our review of the present contractual restraint, in its setting of the sale of a business, leads us to conclude that it does not violate the public policy of this State and the trial court correctly overruled the motion to dismiss the plaintiff's complaint.

*Judgment affirmed. All the Justices concur.*

Submitted December 14, 1973 — Decided March 8, 1974.

*Schreiber & Rozier, C. Edwin Rozier,* for appellant.
*Kopp, Peavy & Conner, John G. Kopp,* for appellee.