541 F.2d 1062
 13 Fair Empl.Prac.Cas. 971,
12 Empl. Prac. Dec. P 11,192
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellee,
v.
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, an unincorporated
association, et al., Defendants,
and
United States Lines, Inc., Appellant.
 No. 75-1376.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 5, 1976.
Decided Sept. 20, 1976.
 
 Robert J. Hickey, Washington, D.C. (Russell T. Weil, Kirlin, Campbell & Keating, Washington, D.C., Randall Coleman, Kieron F. Quinn, Ober, Grimes & Shriver, Baltimore, Md., on brief), for appellant.
 Marian Halley, Atty., Equal Employment Opportunity Commission (Julia P. Cooper, Acting Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, Beatrice Rosenberg, Charles L. Reischel, and Linda Colvard Dorian, Attys., Equal Employment Opportunity Commission, Washington, D.C., on brief), for appellee.
 Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge, and FIELD, Senior Circuit Judge.
 HAYNSWORTH, Chief Judge:
 
 
 1
 The question is whether an order denying a motion to dismiss a motion had the effect of making United States Lines, Inc. a new party to an old injunctive decree and is appealable under 28 U.S.C.A. § 1292(a)(1) as a modification of an injunction. From the order, the court's oral opinion and from the argument here, we are convinced that the order had no such effect and is not appealable.
 
 
 2
 In 1970, a proceeding was brought by the United States against the International Longshoremen's Association and its locals in the Port of Baltimore in which a decree requiring the termination of certain racially discriminatory practices was sought. An injunction issued, and, on appeal, that decree was affirmed here. United States v. International Longshoremen's Association, 4 Cir., 460 F.2d 497.
 
 
 3
 In October 1974, the Equal Employment Opportunity Commission filed a motion in the district court seeking an order requiring United States Lines, Inc. to show cause why it should not be enjoined from violating the terms of the original decree. The EEOC alleged that United States Lines and other stevedores were acting in concert with the ILA and its Baltimore locals, and independently too, to violate the decree. United States Lines then filed a motion to dismiss in which it took the position that it could not be brought into this proceeding and charged with a violation of the decree since it was not a party to the original proceeding and the injunctive decree does not run against it.
 
 
 4
 After a hearing, the district court denied the motion to dismiss holding that EEOC's pleadings stated a claim upon which relief might be granted. There were no findings of fact and no determination whether United States Lines had acted in concert with the unions to violate the decree or independently had done anything which might be held to be in violation of the decree.
 
 
 5
 There is no basis for United States Lines' concern that denial of its motion to dismiss may have had the effect of making it a party against whom the injunctive decree expressly runs. It was not a party to the proceedings when the decree was issued, and the decree contains no indication that it runs against United States Lines. What was held was that if EEOC could prove that United States Lines acted in concert with the unions to perpetuate racial segregation of longshoremen in the Port of Baltimore or could prove that United States Lines, acting alone, deliberately, engaged in activity which frustrated the court's original decree, the court possessed jurisdiction to determine the matter and to issue an injunction running against United States Lines or to hold it in contempt.
 
 
 6
 Rule 65(d) of the Federal Rules of Civil Procedure provides that an injunction is binding "upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." The plain language of the rule establishes the principle that a court, in the exercise of its equitable powers, may hold in contempt those who act in concert with named parties to frustrate an injunctive decree or to avoid compliance with it. The principle is confirmed by precedent.[1] EEOC's pleadings allege just that, and that is a claim upon which relief may be granted. It is less clear that a court may hold in contempt a nonparty for its independent acts.[2] However, the latter question is not ripe for review at this stage in the proceedings when there have been no findings of fact.
 
 
 7
 Since we conclude that the order of the district court did not have the effect of making United States Lines a party to the injunctive decree and did not in any way modify that decree, the order is not appealable under 28 U.S.C.A. § 1292(a)(1).
 
 
 8
 APPEAL DISMISSED.
 
 
 
 [1]
 See Regal Knitwear Co. v. NLRB, 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661 (1945); Thaxton v. Vaughan, 4 Cir., 321 F.2d 474 (1963); Day Companies Inc. v. Patat, 5 Cir., 440 F.2d 1343 (1971); cert. denied, 404 U.S. 830, 92 S.Ct. 71, 30 L.Ed.2d 59; Alemite Manufacturing Co. v. Staff, 2 Cir., 42 F.2d 832 (1930)
 
 
 [2]
 Compare U. S. v. Hall, 5 Cir., 472 F.2d 261 (1972) with Alemite Manufacturing Co. v. Staff, 2 Cir., 42 F.2d 832 (1930)