### 22651.  MASON, AU & MAGENHEIMER CONFECTIONERY MANUFACTURING COMPANY, INC. v. JABLIN.

CANDLER, Justice.  The only exception here is to a judgment refusing an interlocutory injunction to prevent a former employee from engaging in a candy business similar to that of his former employer, because of a provision in the contract of employment which forbids the employee for a period of five years immediately following either the voluntary or involuntary termination of his employment and in any geographical area in which the employer was engaged in the business of manufacturing or selling candy at the time of the termination of his employment or in which he had engaged in such business for a one-year period prior thereto; and also, for the same restrictive time period and in the same territorial area, from engaging in any fund-raising activities whether in the candy manufacturing or selling business or not which are in any way similar to the fund-raising activities engaged in by the employer to sell its products during the calendar year 1960 or 1961. Conceding for the sake of argument that the contract is reasonable as to time and territorial area, it is nevertheless fatally defective and void because its terms respecting the business which the employee is prohibited from

engaging in are indefinite, uncertain, unreasonable and consequently unenforceable. Since this is true, it necessarily follows that the court did not err, as contended, in denying the plaintiff's prayer for interlocutory injunction. See *Friedman v. Friedman*, 209 Ga. 653 (74 SE2d 860) and the several cases there cited; *Artistic Ornamental Iron Co. v. Wilkes*, 213 Ga. 654 (100 SE2d 731); and *Dixie Bearings, Inc. v. Walker*, 219 Ga. 353, 357 (133 SE2d 338).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1964—DECIDED OCTOBER 19, 1964.

*S. B. Lippitt*, for plaintiff in error.

*Perry, Walters & Langstaff, H. H. Perry, Jr., Hull, Willingham, Towill & Norman*, contra.