25527.   MIKE BAJALIA, INC. v. PIKE.

ARGUED JANUARY 13, 1970—DECIDED FEBRUARY 5, 1970.

*J. Lundie Smith,* for appellant.
*Bennett & Moon, Floyd B. Moon,* for appellee.

GRICE, Justice.   For review here is a judgment denying a prayer for interlocutory injunction against a former employee's violation of a restrictive agreement.

This judgment grows out of a suit filed by Mike Bajalia, Inc., against Ruth G. Pike in the Superior Court of Lowndes County.   The complaint, insofar as necessary to state, made the allegations which follow:

On a named date these parties entered into an employment agreement. A copy of the agreement is attached to the complaint. The employment was terminated approximately eleven months later.

Among the provisions of that agreement is a covenant by the defendant employee "that for a period of eighteen months next following the termination of his employment . . . and regardless of whether such termination is voluntary or involuntary on the part of Employee . . . Employee will not, directly or indirectly, engage in the real estate business in Lowndes County, Georgia, or in any of the aspects of such business whether on his own behalf or as a partner with or employee of another or others, nor will he be or become, directly or indirectly, interested in any such business, agency, or activity

whether as owner, stockholder, partner, employee, consultant, or otherwise."

The complaint alleged that notwithstanding such covenant, the defendant has now, within less than four months following the termination of her employment under such agreement and in wilful violation thereof, engaged in the real estate business in Lowndes County, Georgia, and continues to engage in such business.

It alleged that damages suffered by the plaintiff from such breach are irreparable, and a multiplicity of suits will result from separate actions by the plaintiff for each violation.

The complaint prayed for interlocutory injunction, enjoining and restraining the defendant from violating and continuing to violate the agreement, permanent injunction against such violation, or, in the alternative, liquidated damages as provided in the agreement.

To this complaint the defendant filed an answer, which admitted execution of the contract, the employment and its termination. Also, it asserted defenses as follows: (1) the contract contains on its face provisions which are contrary to law and public policy; (2) the contract lacks consideration; and (3) it is unreasonable as to time and geographical area and outside the proper scope of equity to enforce.

Upon the interlocutory hearing consideration was given to the pleadings, the agreement, and testimony of the president of the corporate plaintiff and of the defendant, as well as that of others. Thereupon, the trial judge denied the application for interlocutory injunction.

The issues for us to determine arise from the above enumerated defenses. They involve no new principles, but well established ones.

■ We cannot agree that the agreement in question manifests upon its face provisions which are contrary to law and public policy. While *Code* § 20-504 prohibits "contracts in general restraint of trade," it has long been recognized that "An agreement in restraint of trade, ancillary to a contract of employment, supported by a valuable consideration, and limited as to both time and territory, and not otherwise unreasonable,

is enforceable." *Shirk v. Loftis Bros. & Co.,* 148 Ga. 500 (1) (97 SE 66); *Rider v. Orkin Exterminating Co.,* 224 Ga. 145, 146 (160 SE2d 381).

■ Neither is the agreement void for lack of consideration. The appellee here, defendant in the trial court, contends that the agreement is not supported by sufficient consideration from the plaintiff to her because she was already employed by it and therefore there was no mutuality of obligations under the agreement.

This contention cannot be sustained.

The agreement recited that in consideration of the defendant's employment "and retention as an employee and of the advantages and benefits thereof, including those hereinabove mentioned, and of the sum of $1.00 in hand paid to [defendant] by [plaintiff], the receipt and adequacy of all of which considerations are hereby acknowledged . . ." she covenanted and agreed to refrain from engaging in the real estate business in Lowndes County for 18 months following termination of this employment. The acknowledgment of receipt of the foregoing benefits and the employer's retention of her in its employment, in addition to the monetary consideration, was sufficient consideration for her promise in the restrictive employment agreement. See *Breed v. National Credit Assn.,* 211 Ga. 629 (88 SE2d 15).

■ Nor is the restrictive employment provision unenforceable because it is unreasonable as to time and geographical area and outside the proper scope of equity to enforce, as urged by the defendant employee.

(a) The evidence was undisputed that the time element of 18 months and the area element of Lowndes County were reasonably necessary for the protection of the employer's business. There had been time-consuming training of the employee, and the employer's business extended throughout the county. Compared with other holdings by this court these factors in the instant case are well within enforceable limits. See *Shirk v. Loftis Bros. & Co.,* 148 Ga. 500, supra; *Breed v. National Credit Assn.,* 211 Ga. 629, supra. Also, for splendid discussion of this subject, see Simpson, Handbook of the Law of Contracts (2d Ed.), pp. 430-433.

(b) No valid reason appears why it would be outside the scope of equity to enforce this provision. We do not share the defendant's view that the agreement is vague, uncertain, and indefinite and therefore unreasonable because of designation of the prohibited activity as engaging in the "real estate business." See collection of cases in *Fox v. Avis Rent-A-Car Systems*, 223 Ga. 571 (1) (156 SE2d 910). Furthermore, the adverse economic effect upon the defendant employee, arising from the restrictive covenant here, constitutes no basis against its enforcement. The parties, in deciding to enter into the agreement, are deemed to have contemplated that possibility and to have weighed it, along with all of the provisions of the agreement.

Thus, the agreement is not "otherwise unreasonable." *Shirk v. Loftis Bros. & Co.*, 148 Ga. 500, supra.

Whether the restraints imposed by the restrictive employment agreement are reasonable is a question of law, to be determined by the court. *J. C. Pirkle Machinery Co. v. Walters*, 205 Ga. 167, 168 (52 SE2d 853). And it is settled that "The rule that this court will not interfere with the discretion of the trial judge in granting or refusing an injunction where the evidence is conflicting does not apply when the question to be decided by the trial judge is one of law." *Washington Nat. Ins. Co. v. Mayor &c. of Savannah*, 196 Ga. 126, 128 (26 SE2d 359).

In view of the foregoing, the plaintiff was entitled as a matter of law to the interlocutory injunction which it sought.

*Judgment reversed. All the Justices concur.*