## 28974. FEDERATED MUTUAL INSURANCE COMPANY et al. v. WHITAKER.

The restrictions imposed by the provisions of the covenant not to compete ancillary to the employment contract here were larger than necessary for the protection of the employer, and are therefore unreasonable and unenforceable.

ARGUED JULY 8, 1974 — DECIDED SEPTEMBER 24, 1974.

*Fulcher, Hagler, Harper & Reed, W. M. Fulcher,* for appellants.

*McGahee, Plunkett, Benning & Fletcher, Jack E. McGahee,* for appellee.

GRICE, Chief Justice.

Federated Mutual Insurance Company and Federated Life Insurance Company appeal from a judgment of the Superior Court of Richmond County sustaining a motion to dismiss their complaint in which, as employers, they sought to enforce through injunctive relief restrictive covenants in an employment contract with the appellee, Grady A. Whitaker, as insurance salesman.

The covenants of the employment contract pertinent here are those which follow.

"1. Salesman agrees to devote his entire time during his employment hereunder faithfully and diligently to the service of the Employer. Salesman further agrees that during his employment he will not be licensed as an agent, solicitor, representative or broker

for any other insurance company and will not directly or indirectly place any insurance whatsoever with or through any other insurance company or the agent, representative or broker thereof, unless authorized and directed to do so in writing by Employer.

"2. Salesman agrees that within the following territory he will solicit and procure applications for Fire, Casualty, Health, and Life insurance and will render such services to policyholders and perform such other incidental duties as may be requested of him from time to time by the Employer: Burke, Columbia, Glascock, Jefferson, Jenkins, Lincoln, McDuffie, Richmond, Taliaferro, Warren, Wilkes Counties, Georgia . . .

"5. Salesman agrees that he will not, within a period of two years following the date of the voluntary or involuntary termination of his employment with Employer, or his retirement therefrom, either directly or indirectly, by and for himself, or as the agent of another, or through others as his agent:

"(a) Engage in, or be licensed as an agent, solicitor, representative or broker in, or in any way be connected with, Fire, Casualty, Health, and Life insurance business in the territory assigned to him or worked by him under this Employment Contract;

"(b) Divulge the names of Employer's policyholders and accounts to any other person, firm or corporation;

"(c) In any way seek to induce, bring about, promote, facilitate or encourage the discontinuance of or in any way solicit for and in behalf of himself or others, or in any way quote rates, accept, receive, write, bind, broker or transfer any renewal or replacement of any of the insurance business, policies, risks or accounts, written, issued, covered, obtained (whether through the efforts of the Salesman or not) or carried by the Employer in the territory assigned to the Salesman under this Employment Contract."

By subsequent amendment the definition of the appellee's employment was changed to district manager and the counties of Green and Oglethorpe in the State of Georgia were added to the territory in question.

The complaint alleged that the appellee, while employed by the appellants, in violation of the above

provisions of the contract became a licensed agent for other named insurance companies; that he was terminated as appellants' district manager as of February 21, 1974; that he is presently engaged in soliciting and writing insurance for two companies in violation of the applicable provisions of the contract; and that the injury to them from the continued violation is immediate and irreparable in damages and they are without an adequate remedy at law.

The prayers were for a temporary restraining order against violation of the covenants in paragraphs 5 (b) and 5 (c) of the contract so as to prevent immediate and irreparable injury, loss and damages; interlocutory injunction against the violation of paragraphs 5 (a), 5 (b), and 5 (c); permanent injunction against the violation of the applicable covenants of the contract within the period of two years following his termination and within the described territory, and attorney fees and other appropriate relief.

In response the appellee filed a motion to dismiss based upon the following grounds: (1) the complaint failed to state a claim upon which relief could be granted in that it showed on its face that the contract lacks mutuality and reasonableness and was therefore null and void; (2) equity lacked jurisdiction of the subject matter in that appellants had an adequate remedy at law, if they were entitled to recover; (3) the contract was in restraint of trade or commerce and therefore illegal; and (4) the complaint failed to state a claim upon which relief could be granted in that appellants were alleged to be Federated Mutual Insurance Company and Federated Life Insurance Company, while the contract attached to the complaint showed that it was between Federated Mutual Implement and Hardware Insurance Company and Federated Life Insurance Company and the appellee.

The motion to dismiss was granted, and the appeal is from this judgment.

The rules in regard to restrictive covenants in employment contracts are well settled. The following recital is deemed sufficient for our purposes here.

"Among those contracts which are against public policy and which cannot be enforced are contracts in

general restraint of trade. Code § 20-504. However, 'a contract only in partial restraint may be upheld, "provided the restraint be reasonable," and the contract be valid in other essentials. *Kutash v. Gluckman,* 193 Ga. 805 (20 SE2d 128).' *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794, 802 (51 SE2d 669). 'A contract concerning a lawful and useful business in partial restraint of trade and reasonably limited as to time and territory, and otherwise reasonable, is not void.' *Nelson v. Woods,* 205 Ga. 295 (1) (53 SE2d 227), and cits." *Coffee System of Atlanta v. Fox,* 226 Ga. 593, 595 (176 SE2d 71).

Also, this court has stated that "covenants against competition contained in employment contracts are considered in partial restraint of trade and are to be tolerated only if strictly limited in time and territorial effect and otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee. *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794 (51 SE2d 669); *Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735, 69 ASR 154)." *Purcell v. Joyner,* 231 Ga. 85 (2), 86 (200 SE2d 363).

It is not contended that the restrictions contained in this employment contract are unreasonable as to duration or territory. Therefore the controlling issue is whether they were "otherwise unreasonable."

We conclude that the restrictions imposed upon the appellee by paragraph 5 (a) of the contract were larger than were necessary for the protection of the employer, and are therefore unreasonable. Under this provision the appellee is proscribed for a period of two years following the termination of his employment from engaging in, or being licensed as an agent, solicitor, representative or broker in, *or in anyway connected with,* the fire, casualty, health and life insurance business in the 13 county area worked by him for the appellants.

As noted by this court in *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353, 357 (133 SE2d 338) (One Justice concurring specially), under such provision he "would be prevented from accepting employment as a truck driver, night watchman, or any other position which might be totally unrelated to trade secrets or sales to customers." Thus the contract there was found to be indefinite and

vague as to the nature, kind and character of activity in which the employee could not engage, and unreasonable because he was absolutely prohibited from working in any capacity for a competitor in positions unrelated to trade secrets or customers. See also *Stein Steel & Supply Co. v. Tucker*, 219 Ga. 844 (136 SE2d 355) (Three Justices dissenting). But cf. *Mike Bajalia, Inc. v. Pike*, 226 Ga. 131 (3b) (172 SE2d 676).

In our view, the contract here is even more unreasonable in attempting to prohibit the appellee from "being licensed as an agent, solicitor, representative or broker." Licenses are required by state law in order to sell insurance and are issued and regulated by statute. Code Ann. Ch. 56-8B (Ga. L. 1960, p. 289 et seq.) Certainly the rescission of a license to sell insurance duly earned and properly granted by the state, as paragraph 5 (a) apparently attempts to do, is unnecessarily restrictive and oppressive.

For the foregoing reasons paragraph 5 (a) of the contract here is unenforceable, and "if the contract contains illegal and unenforceable clauses the covenant must fail because this court has refused to apply the 'Blue-pencil theory of severability' in such circumstances. *Rita Personnel Services International v. Kot*, 229 Ga. 314 (191 SE2d 79)." *Purcell v. Joyner*, 231 Ga. 85, 86, supra.

Therefore, since the question of whether or not the restrictions were reasonable was one of law for determination by the court, rather than one of fact for the jury, *Kutash v. Gluckman*, 193 Ga. 805 (2), supra; *Stein Steel & Supply Co. v. Tucker*, 219 Ga. 844, supra, it did not err in granting the appellee's motion to dismiss the complaint. Accordingly, it is not necessary to consider the other grounds raised in the motion.

*Judgment affirmed. All the Justices concur, except Gunter, Jordan and Ingram, JJ., who concur in the judgment only.*