### 29344. SOUTHEASTERN BEVERAGE & ICE EQUIPMENT COMPANY, INC. v. DILLARD.

UNDERCOFLER, Justice.

Southeastern Beverage & Ice Equipment Co., Inc., filed a complaint against Dennis E. Dillard for an alleged breach of negative covenants in an employment contract. The complaint sought a temporary and permanent injunction, damages and general relief.

After hearing argument of counsel the trial court dismissed the complaint on the ground that the employment contract was void because it was vague and contrary to public policy. The appeal is from this judgment. *Held:*

The contract prohibited the employee's activities in any area which was competitive with the company. A business or undertaking competitive with the company "shall be construed, as any engaged in the activity of the operation or management of a business selling or distributing ice making equipment, soda dispensers, liquor control equipment, *or other enterprise conducted by the company* during the employee's tenure . . ." (Emphasis supplied.)

In *Friedman v. Friedman,* 209 Ga. 653 (74 SE2d 860), the employee agreed that for a period of twelve months after the termination of his employment that he would not engage in or be employed directly or indirectly by any person, persons, partnership or company who shall be engaged in "any kind or character of business identical or similar with any business operated by" the employer. This contract was held to be void because the description of the prohibited business was indefinite and unreasonable.

In *Mason, Au & Magenheimer &c. Co. v. Jablin,* 220

Ga. 344 (138 SE2d 660) this court held that a provision in an employment contract prohibiting a former employee from engaging in any fund-raising activities which "are in any way similar to the fund-raising activities engaged in by the employer to sell its products" made the contract void because its terms describing the prohibited business were indefinite and unreasonable. In accord, *Artistic Ornamental Iron Co. v. Wilkes,* 213 Ga. 654 (100 SE2d 731) and *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353, 357 (133 SE2d 338).

Under these authorities we hold that the employment contract which prohibited the employee's activities in any area competitive with the company render it too indefinite to be enforced.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1974 — DECIDED DECEMBER 3, 1974.

*Somers & Altenbach, Fred L. Somers, Jr., Jeffrey P. Janek, David D. Rawlins,* for appellant.

*Van Gerpen & Bovis, John V. Burch,* for appellee.