## 31146. DUNN v. FRANK MILLER ASSOCIATES, INC.

PER CURIAM.

Frank Miller Associates, Inc., t/a Snelling and Snelling, brought a complaint against Mary C. Dunn alleging that: the plaintiff operates an employment agency; the defendant signed a contract with the plaintiff at the time she was employed; she has violated this contract by accepting employment with another employment agency within one year of the date of the termination of her employment with the plaintiff. The plaintiff prayed that the defendant be temporarily restrained and permanently enjoined from violating her contract.

The trial judge granted a temporary restraining order. The defendant filed an answer and counterclaim for damages, seeking commissions alleged to be due and

alleging that the filing of the injunction action and the obtaining of the restraining order caused her to leave the employment she had obtained, and to be unable to obtain other employment.

At the conclusion of a trial before a jury the trial judge directed the jury to return a verdict in favor of the plaintiff for a permanent injunction against the defendant, and against the defendant on her counterclaim. Judgment was entered accordingly. The defendant appeals from this judgment, enumerating as error the denial of her motion for directed verdict, and the direction of a verdict for permanent injunction against her.

The appellant (defendant) was employed by the appellee (plaintiff) on August 1, 1972, as an employment counselor. Her employment was terminated on October 15, 1974, by the appellee. Immediately thereafter she obtained a position with another employment agency as an employment counselor within a radius of 25 miles of the office of the appellee.

In the contract signed by the appellant she was employed as an employment placement counselor. It provided that the employment relationship between the parties may be terminated at any time by either party with or without notice. It contained a covenant against competition wherein the appellant agreed that she would not "within a period of one year following termination of employment for any cause whatsoever, directly or indirectly, engage in the employment agency business for himself in association in any capacity with any other person or firm engaged in a similar business to first party's, within a radius of 25 miles of first party's office..."

Covenants against competition in employment contracts are considered in partial restraint of trade and are to be tolerated only if reasonably limited as to time and territory and otherwise reasonable. The question of reasonableness of the contract is for the court.

In the present contract the time limit of one year, and the territorial limit of a radius of 25 miles of the appellee's office, were reasonable for the type of employment for which the appellant was engaged. *Mike Bajalia, Inc. v. Pike,* 226 Ga. 131 (172 SE2d 676) (1970).

This court has held that an employment contract which prohibits the employee, upon leaving such employment, from obtaining employment with a competitor *in any capacity* is unreasonable. *Dixie Bearings, Inc. v. Walker,* 19 Ga. 353 (133 SE2d 338) (1963); *Federated Mut. Ins. Co. v. Whitaker,* 232 Ga. 811, 814 (209 SE2d 161) (1974). The contract in the present case prohibits the employee from being employed "in any capacity" by a competitor. It would prohibit appellant from being employed as a bookkeeper, secretary or filing clerk by a competitor. The contract, therefore, is unreasonable as imposing greater limitations on the employee than were necessary for the protection of the employer. *Federated Mut. Ins. Co. v. Whitaker,* supra.

The trial court erred in overruling appellant's motion for directed verdict based on the ground that the restrictive covenant was unenforceable and erred in directing a verdict in favor of the appellee and entering a permanent injunction against appellant.

*Judgment reversed. All the Justices concur, except Gunter, J., who concurs specially, and Nichols, C. J., and Jordan, J., who dissent.*

ARGUED MAY 11, 1976 — DECIDED JUNE 30, 1976 —
REHEARING DENIED JULY 15, 1976.

*Michael J. Gannam,* for appellant.
*David H. Fritts,* for appellee.

JORDAN, Justice, dissenting.

It is my opinion that the contract in the present case does not prohibit the appellant from being employed in any capacity by a competitor. She agreed that she would not "*engage in the employment agency business . . .* in association in any capacity" with a competitor. (Emphasis supplied.) This means that she will not perform services directly connected with the employment agency business in any capacity, that is, as a partner, consultant, employee, etc. The contract, therefore, is not unreasonable as imposing greater limitations on the appellant than were necessary for the protection of the

appellee. *Coffee System of Atlanta v. Fox,* 226 Ga. 593, 596 (176 SE2d 71) (1970).

I am authorized to state that Chief Justice Nichols joins in this dissent.