## 31662. C. V. MOSLEY CONSTRUCTION COMPANY, INC. v. McCUIN.

GUNTER, Justice.

In this case the trial judge held that a restrictive covenant ancillary to a contract of employment was unenforceable. The employer who had sought injunctive relief to enforce the covenant against the employee has appealed.

The covenant stated that the employer was "a company engaged in the business of building, developing and selling real estate in Toombs County and Montgomery County, Georgia." It provided that the

employee would not, for a period of five years after termination of his employment with the employer, "in any way or means, directly or indirectly, engage in any form of building, developing or selling any type of real estate, in Toombs County or Montgomery County, Georgia."

The Georgia Constitution provides that agreements which have the effect of defeating or lessening competition or encouraging monopoly shall be illegal and void. It further provides that the General Assembly shall have no power to authorize such an agreement; and it finally provides that the General Assembly shall enforce this constitutional provision by appropriate legislation. Code Ann. § 2-1409 (1976).

The General Assembly has provided that contracts in general restraint of trade are against the policy of the law of this state and cannot be enforced. Code Ann. § 20-504.

The evidence showed that the services performed by the employee for the employer, prior to the termination of the employment, were: (1) processing loans, (2) buying and selling houses, (3) acting as general manager of the company's office, (4) answering the phone, (5) general real estate sales, (6) handling purchases of materials for construction projects, (7) filling out estimates, (8) working up second mortgages for corporations, and (9) general bookkeeping duties.

The covenant in this case, as we read it and as the trial judge read it, was intended to prohibit all of these activities of the employee in connection with another real estate business, either for himself individually or as an employee of another. So construed, the covenant is overly broad, in excess of any legitimate protection necessary for the employer, and unreasonable. See *Mason, Au & Magenheimer &c. Co. v. Jablin,* 220 Ga. 344 (138 SE2d 660) (1964).

We conclude that the trial judge ruled correctly in holding the covenant unenforceable and denying injunctive relief.

*Judgment affirmed. All the Justices concur, except Jordan and Hill, JJ., who concur in the judgment only.*

SUBMITTED NOVEMBER 9, 1976 — DECIDED MARCH 9, 1977.

*Calhoun & Bryant, Paul W. Calhoun, Jr., William T. Whatley,* for appellant.

*William T. Darby, Sr., Reid A. Threlkeld,* for appellee.