### 35217. UNI-WORTH ENTERPRISES, INC. v. WILSON.
### 35218. UNI-WORTH ENTERPRISES, INC. v. SNIDER.

MARSHALL, Justice.

The complaint in Case No. 35217 was filed by John Wilson against Uni-Worth Enterprises, Inc. The complaint in Case No. 35218 was filed by Ronald Snider against Uni-Worth. In the complaints, Wilson and Snider seek a declaratory judgment that the restrictive covenants in employment contracts between themselves and Uni-Worth are void and unenforceable as contracts in general restraint of trade, in violation of Art. III, Sec. VII, Par. VII of the Georgia Constitution of 1976 (Code Ann. § 2-1409) and Code Ann. § 20-504. They also seek injunctive relief against Uni-Worth's enforcement of the restrictive covenants. The restrictive covenants in both Wilson's and Snider's employment contracts are the same, and both cases have been consolidated for decision at trial and on appeal.

Within several days after the complaints were filed, an interlocutory injunction hearing was held. Uni-Worth appeared by its attorney at the hearing. The arguments of counsel were heard, and Wilson's and Snider's complaints, as well as affidavits executed by them, were

admitted in evidence.[1] After the submission of briefs by the parties, the trial court issued an order ruling that the restrictive covenants in both contracts are void and unenforceable, and enjoining Uni-Worth from enforcing the restrictive covenants "until final determination of the merits of plaintiff's complaint seeking permanent injunction." Uni-Worth appeals.

This litigation arose as follows: Uni-Worth is a Georgia corporation engaged primarily in the business of repairing and replacing damaged automobile glass for the policyholders of insurance companies. Wilson was the executive vice-president of sales for Uni-Worth, and he sat on the board of directors. Snider was executive vice-president for research and development, and he, too, sat on the board of directors. Wilson and Snider resigned their positions with Uni-Worth in February of 1979. They filed the complaints in these cases in March of 1979. In the complaints, they state that they are desirous of accepting employment with U. S. Auto Glass Centers, Inc. but U. S. Auto Glass will not hire them unless the restrictive covenants in their employment agreements with Uni-Worth are invalidated by a court of competent jurisdiction.

The employment agreement between Wilson and Uni-Worth was executed in January of 1977. Snider's employment agreement was executed in January of 1976. In the employment agreement between Uni-Worth and Wilson, and in the agreement between Uni-Worth and Snider, it is agreed that Uni-Worth is engaged in the business of "selling, replacing, repairing, installing and processing glass, glass-related products and automotive accessories on the Employer's premises and elsewhere and the carrying on of any business or activity related to the aforesaid purposes." The restrictive covenant is contained in paragraph III of each agreement, and, for a period of two years following termination of the

---

[1]On an application for interlocutory injunction, sworn pleadings and affidavits serve the office of evidence. *Salter v. Ashburn,* 218 Ga. 62 (2) (126 SE2d 404) (1962).

agreement, the employee is forbidden from engaging in certain activities enumerated in sub-paragraphs (a) through (d).

Under sub-paragraph (a), the employee is forbidden from calling upon "any customer of the Employer solicited or contacted by the Employee during the term of this employment under this Agreement for the purpose of offering services or soliciting business competitive with any service or product offered or possessed by Employer during Employee's term of employment by Employer under this Agreement." Sub-paragraph (b) prohibits the employee from diverting, soliciting, or taking away "any such customer or customers of the Employer for the purpose of offering or selling services or products competitive with Employee's [sic] services or products described in this Agreement." Under subparagraph (c), the employee agrees that, within the boundaries of various specified states,[2] he will not "call upon any customer or account of Employer in his own behalf or in behalf or in conjunction with any other person, persons, company, partnership or corporation for the purpose of offering or selling a service or product competitive with any service or product offered or sold by Employer during Employee's employment by Employer under this Agreement." Sub-paragraph (d) prevents the employee, within the boundaries of the states in sub-paragraph III (c), from entering into "any business, as sole proprietor, partner, officer, or employee, which offers for sale [to] Employer's clientele or customers any service or product competitive with any service or product offered by Employer."

1. As alluded to earlier in the opinion, Georgia law prohibits contracts or agreements, tending to defeat or lessen competition or in general restraint of trade. However, covenants against competition in employment contracts are considered in partial restraint of trade, and they are enforceable if strictly limited in time and territorial effect, and if they are otherwise reasonable

---

[2]These states are Maryland, West Virginia, Virginia, North Carolina, South Carolina, Georgia,

considering the business interests of the employer sought to be protected and the effect on the employee. E.g., *McNease v. Nat. Motor Club of America, Inc.*, 238 Ga. 53 (231 SE2d 58) (1976); *Orkin Exterminating Co. v. Pelfrey*, 237 Ga. 284 (227 SE2d 251) (1976).

Covenants not to compete have been held to be unreasonable where the nature of the business activities in which the employee is forbidden to engage is not specified with particularity. See *Howard Schultz & Assoc. v. Broniec*, 239 Ga. 181 (236 SE2d 265) (1977); *Southeastern Beverage &c. Co. v. Dillard*, 233 Ga. 346 (211 SE2d 299) (1974); *Dixie Bearings, Inc. v. Walker*, 219 Ga. 353 (133 SE2d 338) (1963); *Artistic Ornamental Iron Co. v. Wilkes*, 213 Ga. 654 (100 SE2d 731) (1957). In the foregoing cases, restrictive covenants in which the employee was forbidden from engaging in any business or activity competitive with the business of the employer were struck down on the ground that the description of the prohibited activity was too indefinite to be enforced. See also *Mason, Au & Magenheimer &c. Co. v. Jablin*, 220 Ga. 344 (138 SE2d 660) (1964); *Friedman v. Friedman*, 209 Ga. 653 (74 SE2d 860) (1953).

Each of the four sub-paragraphs of the restrictive covenant in this case prohibits the employee from doing certain enumerated acts "competitive with any services or products offered or possessed by Employer." Under the previously cited decisions, it would appear that the entire restrictive covenant in this case is, therefore, too indefinite to be enforced.

We realize that the argument can be made that sub-paragraphs (a) and (b) are not too indefinite to be enforced, because they merely prohibit the employee from calling upon or taking away customers or accounts of the employer solicited or contacted by the employee during his term of employment. However, sub-paragraph (c), which prohibits the employee from calling upon customers or accounts of the employer within various specified states, does not limit such customers or accounts

---

Mississippi, Florida, Arkansas, Tennessee, Louisiana and Alabama, as well as the District of Columbia.

to those solicited or contacted by the employee during his term of employment. In addition, sub-paragraph (d) is invalid not only because it prohibits the employee from entering into a business competitive with the employer, but also because it prohibits the employee from entering into any such business "as sole proprietor, partner, officer, or employee." "This court has held on several occasions that a covenant wherein the employee agreed not to accept employment with a competitor 'in any capacity' imposes a greater limitation upon the employee than is necessary for the protection of the employer and therefore is unenforceable. [Cits.]" *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, supra, p. 184(2).

In any event, this court has rejected the "blue-pencil theory of severability" as applied to restrictive covenants in employment contracts. *Howard Schultz & Assoc. v. Broniec,* supra; *Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79) (1972). Therefore, if any of the sub-paragraphs of the restrictive covenant are invalid, the entire covenant must fall.[3] Since sub-paragraph (d) is unquestionably unenforceable, the trial court did not err in ruling that the entire covenant is unenforceable.

2. The appellant argues that the trial judge exceeded his authority in ruling in the interlocutory order that the restrictive covenant is illegal and unenforceable. It is true that the trial court in an interlocutory order is without authority to adjudicate with finality issues of fact. *Carter v. Puckett,* 237 Ga. 494 (228 SE2d 878) (1976). However, the trial court's ruling that the restrictive covenant in this case is illegal and unenforceable is a determination of a legal question,[4] and is not based on an adjudication of contested facts.[5] " 'Whether the restraints

_____

[3] In *Rita Personnel,* as in this case, the contract sought to be enforced contained a severability clause.

[4] As to the differences between rulings on questions of fact and questions of law in interlocutory injunction orders, see, e.g., *Habif v. Maslia,* 214 Ga. 654 (106 SE2d 905) (1959); *Chestatee Pyrites Co. v. Cavenders Creek Goldmining Co.,* 118 Ga. 255 (1) (45 SE 267) (1903).

[5] The trial court did rule in the interlocutory order

imposed by an employment contract are reasonable is a question of law for determination by the court. *Rakestraw. v. Lanier,* 104 Ga. 188, 194 (30 SE 735) (1898).' [Cits.] *Britt v. Davis,* 239 Ga. 747, 748 (238 SE2d 881) (1977).

Since this was a legal question which could be determined by looking solely to the language of the restrictive covenant, the trial court did not err in ruling on this question on the application for interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

SUBMITTED AUGUST 3, 1979 — DECIDED OCTOBER 16, 1979 — REHEARING DENIED NOVEMBER 6, 1979.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr., Earl B. Benson, Jr.,* for appellants.

*Macey & Zusmann, Morris W. Macey, Thomas R. Todd, Jr.,* for appellees.

---

that the restrictive covenant is unenforceable for additional reasons, one of these being that the plaintiff had submitted evidence that the employer did not do business in all of the states listed in sub-paragraph (c) of the restrictive covenant. Since the defendant argues that it does business in these states, this is a contested issue of fact. However, we have held in Division 1, supra, that the trial judge was correct in striking down the entire restrictive covenant because of the unenforceability of sub-paragraph (d). Therefore, we find it unnecessary to reach the other grounds on which the trial court struck down the restrictive covenant.