### 36426. DALRYMPLE v. HAGOOD et al.

NICHOLS, Justice.

This case involves a covenant not to compete in which appellant agreed "not to participate in the real estate business in Stephens County, Georgia for a period of 36 months." Appellant further agreed that "Mountain Lake Realty, Inc., of which he is President, will not operate under that name again in Stephens County, Georgia." This

covenant was part of an employment contract between the parties. The covenant prohibited appellant's participation in the real estate business in Stephens County for three years, except as an employee of appellee's firm. This prohibition only applied if the appellant himself terminated the employment contract. It did not apply if the appellee decided to terminate appellant's employment. When appellant decided to obtain employment with another real estate firm, he sought a declaratory judgment that the restrictive covenant was void and unenforceable. The trial court found that the entire transaction between the parties involved the sale of appellant's real estate business to appellee, and that the restrictive covenant was reasonable as to time, territory, and the business activity proscribed. This court affirms.

Several agreements were entered into between the parties: A "Bill of Sale" transferred to appellee appellant's radio and office equipment which he used while doing business as Mountain Lake Realty, Inc. Another agreement by the Board of Directors of Mountain Lake Realty, Inc., authorized appellant as president "to assign all the real estate listings" of the company to appellee. In a separate agreement, appellant assigned all his right, title, and interest in these real estate listings to the appellee. Finally, appellant entered into a "Contract of Employment" with appellee which contained the covenant not to compete quoted above. In appellant's response to appellee's request for admission of the genuineness of these documents, the appellant states that the bill of sale was signed *at the same time as* the contract of employment. Although the documents might have been more specific concerning their interrelationship, the evidence supports the trial court's finding that the employment contract was ancillary to the sale of appellant's real estate business. *Farmer v. Airco, Inc.,* 231 Ga. 847 (204 SE2d 580) (1974); *Insurance Center, Inc. v. Hamilton,* 218 Ga. 597 (129 SE2d 801) (1963); see *Redmond v. Royal Ford, Inc.,* 244 Ga. 711 (261 SE2d 585) (1979) (Undercofler, C. J., concurring specially).

In determining the reasonableness of a covenant not to compete, greater latitude is allowed in those covenants relating to the sale of a business than in those covenants ancillary to an employment contract. *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 224 Ga. 160 (160 SE2d 356) (1968); *Insurance Center,* supra. See *Jenkins v. Jenkins Irrigation, Inc.,* 244 Ga. 94 (259 SE2d 47) (1979); *Hood v. Legg,* 160 Ga. 620 (128 SE 891) (1925); Day Companies v. Patat, 403 F2d 792 (5th Cir. 1968). This court has held that provisions similar to the restrictive covenant here were reasonable as to time, territory, and activity proscribed when executed in conjunction with the sale of a business. *Insurance Center,* 218 Ga. at 602; *Airco,* 231 Ga.

at 851-52. Cf. *Mike Bajalia, Inc. v. Pike,* 226 Ga. 131 (172 SE2d 676) (1970) which upheld similar restrictions in a contract of employment not ancillary to the sale of a business. The current "in any capacity" rule alters the applicability of *Pike* to employment contract cases. See *Puritan/Churchill Chemical Co. v. Eubank,* 245 Ga. 334 (265 SE2d 16) (1980); *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181 (236 SE2d 265) (1977); *Dunn v. Frank Miller Assoc.,* 237 Ga. 266 (227 SE2d 243) (1976); *Federated Mutual Ins. Co. v. Whitaker,* 232 Ga. 811 (209 SE2d 161) (1974).

The trial court was correct in entering judgment for the appellee.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 9, 1980 — DECIDED SEPTEMBER 4, 1980.

*Alton M. Adams,* for appellant.
*James E. Cornwell, Jr.,* for appellees.