## 36755. PONDERS, INC. v. NORMAN.

NICHOLS, Justice.

The employer appeals from an order declaring a noncompetition clause in an employment contract void. The contract provided: "Employee covenants and agrees that he (or she) will not, during the term of this employment, nor for a period of one year following the termination of this employment (whether said termination is voluntary or involuntary), directly or indirectly, *in any capacity,* engage in any service or business which is in competition with the business of the Employer within the geographical territory assigned to the Employee and described in 'Exhibit A' attached hereto, as may be amended from time to time by the parties in writing. The business of the Employer is described as the sale of office supplies, office products, office equipment, office furniture, office machines and commercial printing, and the service of office machinery and

equipment." (Emphasis supplied.)

The trial court construed the qualifying phrase "in any capacity" as an attempt to prohibit the appellee from working for a competitor in any capacity, and therefore it was void as overbroad and unreasonable. This court agrees.

The phrase "in any capacity" must be construed with reference to the phrase "in competition with the business of the employer." The employer's business "is described as the sale of office supplies, office products, office equipment, office furniture, office machines and commercial printing, and the service of office machinery and equipment." Thus the employee would be prevented from working in any capacity for any other employer who engaged in any of the activities described.

The restricted activity in the present contract is broader than necessary for the protection of the employer and is unreasonable. *Federated Mutual Ins. Co. v. Whitaker,* 232 Ga. 811, 814 (209 SE2d 161) (1974); *Dunn v. Frank Miller Associates,* 237 Ga. 266 (227 SE2d 243) (1976); *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181 (2) (236 SE2d 265) (1977); *Barry v. Stanco Communications Products,* 243 Ga. 68 (5) (252 SE2d 491) (1979).

The trial court did not err in its construction of the employment contract and in denying injunctive relief.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 3, 1980 — DECIDED NOVEMBER 5, 1980.

*Charles F. Johnson,* for appellant.
*Moore & Chambliss, C. Saxby Chambliss,* for appellee.