## 36793. KOGER PROPERTIES, INC., v. ADAMS-CATES COMPANY et al.

PER CURIAM.

Koger Properties, Inc. develops office parks in Atlanta and other southern cities. Appellee, John Heagy worked for Koger in an executive position until he resigned in 1979 to work for appellee Adams-Cates Company. Adams-Cates manages an office complex owned by appellee Interstate North Associates. Koger initiated this action against Heagy, Adams-Cates, and Interstate North for breach of a covenant not to compete in an employment contract,[1] alleging that if Heagy were permitted to work for a competitor in any of the cities in which Koger does business, Heagy will be in a position to lure away tenants and potential tenants by using information developed at Koger's expense. The trial court granted the defendants' motion for judgment on the pleadings. We affirm.

(1) ". . . Georgia law prohibits contracts or agreements, tending to defeat or lessen competition or in general restraint of trade. However, covenants against competition in employment contracts are considered in partial restraint of trade, and they are enforceable if strictly limited in time and territorial effect, and if they are otherwise reasonable considering the business interests of the employer sought to be protected and the effect on the employee." *Uni-worth Enterprises v. Wilson,* 244 Ga. 636, 638 (261 SE2d 572) (1979). Part of the covenant in Heagy's employment contract with Koger reads as follows:

"The employee covenants and agrees that in the event of the termination of his employment by him or by the employer, that he will not directly or indirectly engage in the aforesaid business or any part thereof in competition with the employer or perform the functions aforesaid performed by the employer in various metropolitan areas in the United States *where the employer is engaged as herein described in the conduct of said employer's business at the time of such termination . . ."*

This court has previously held that a territorial restriction which cannot be determined until the date of the employee's termination is too indefinite to be enforced. Heagy was not put on notice by the contract as to in what metropolitan areas Koger conducts business. Nor is he able to "forecast with certainty the territorial extent of the duty owing" Koger. *Durham v. Stand-by Labor,* 230 Ga. 558, 562 (198

---

[1] Koger sought, inter alia, punitive damages against Interstate North and Adams-Cates for interference with contractual relations.

SE2d 145) (1973). See also *Ellison v. Labor Pool of America, Inc.,* 228 Ga. 147 (184 SE2d 572) (1971). We find that the quoted language means that Heagy would be prohibited from competing with Koger in any metropolitan area in which Koger was conducting business at the time of Heagy's termination. The covenant is unenforceable.

(2) Koger contends that the trial court erred in deciding the case on motion for judgment on the pleadings and in not permitting it to show facts supporting the reasonableness of its restriction. We disagree. Whether or not a covenant against competition in an employment contract is reasonable is a question of law appropriately answered based upon the wording of the covenant. *Uni-worth Enterprises v. Wilson,* supra; *Durham v. Stand-by Labor,* supra. See also *Federal Mutual Ins. Co. v. Whitaker,* 232 Ga. 811 (209 SE2d 161) (1974). Occasionally facts might be necessary to show that a questionable restriction, though not void on its face, is, in fact, reasonable. For example, a territorial restriction which relates to the territory in which an employer does business (as opposed to the territory serviced by the employee) is generally unenforceable unless an employer shows a legitimate business interest to be protected. See *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 183 (236 SE2d 265) (1977). However, the indefinite restriction imposed in this case could not be saved by additional facts and is in fact void on its face. *Durham v. Stand-by Labor,* supra.

*Judgment affirmed. All the Justices concur, except Jordan, C. J., who concurs in the judgment only, and Hill, P. J., who concurs specially. Gregory, J., not participating.*

DECIDED FEBRUARY 2, 1981.

*Trotter, Bondurant, Miller & Hishon, Emmet J. Bondurant, William E. Hoffman, Jr.,* for appellant.
*King & Spalding, A. Felton Jenkins, Jr., Troutman, Sanders, Lockerman & Ashmore, Ralph H. Greil,* for appellees.

HILL, Presiding Justice, concurring specially.

I concur in the judgment because the territorial limitation, "metropolitan area," is vague and uncertain. That term may refer to the "area" around a "populous" city, in which event the territorial limitation would be too vague to be enforced. Or the term may refer to standard metropolitan statistical areas as defined by the U. S. Office of Federal Statistical Policy and Standards, which definitions are amended from time to time, and which amendments would render the territorial limitation here invalid because it is not tied to any

particular definition. See Statistical Abstract of the United States, 100th Edition, p. 935 (1979).