## 38019. PURITAN/CHURCHILL CHEMICAL COMPANY v. McDANIEL et al.

WELTNER, Justice.

Puritan/Churchill Chemical Company sought to enforce its employment contract against former employee, Ronald L. McDaniel, but was denied injunctive relief on the basis that its restrictive covenants were unreasonable and overbroad. Puritan/Churchill appeals. We reverse.

Ronald L. McDaniel worked for more than thirteen years for Puritan/Churchill as a sales representative for its sanitary maintenance chemicals and other specialty chemicals under several employment contracts, the most recent one having been entered upon in June 1, 1980.[1] See Division 1, infra.

In October, 1980, McDaniel successfully negotiated a three-year sales contract between Puritan/Churchill and one of his principal clients, the Graniteville Company.[2] On March 10, 1981, McDaniel's wife obtained a corporate charter for Chemtrol, Inc., the second defendant in this action. Two days later, McDaniel wrote to Graniteville advising of a price increase effective April 6, 1981, without the knowledge of Puritan/Churchill[3] but, according to the affidavit of the president of Puritan/Churchill "Puritan had effected no price increase at that time, . . ." Graniteville considered the prices

---

[1] The contract was for one-year term, automatically renewable absent 30 days' notice of non-renewal by Puritan/Churchill.

[2] The three-year contract purported to set prices for one year as of the prices quoted September 20, 1979; the next two years' prices, to be negotiated based on the wholesale price index for industrial chemicals. In 1979 and 1980, Puritan/Churchill's sales to the Graniteville Company were over $150,000 and $250,000, respectively.

[3] McDaniel stated in his affidavit that the letter was within company policy.

for the one-year term, firm, and advised McDaniel that it would terminate the three-year contract as of April 6, 1981. McDaniel reaffirmed the increase in price in a March 25 letter. Puritan/Churchill did not learn of this exchange until April 10, 1981. Its offer to rescind the price increases was refused by Graniteville.

Meanwhile, Graniteville had let its cleaning supplies contract out for bid. McDaniel resigned from Puritan/Churchill on April 8, 1981. Mrs. McDaniel received an invitation to bid from Graniteville on April 13, and Ronald McDaniel successfully negotiated a contract with Graniteville on behalf of Chemtrol, Inc.

Puritan/Churchill then sought injunctive relief to enforce the restrictive covenants in its employment contract with McDaniel. The trial court found the covenants to be void, and refused to issue an injunction. Puritan/Churchill appeals.

1. Under the contract, McDaniel was restricted from attempting to capture or divert any of Puritan/Churchill's business in the territory (or territories) wherein he had been employed during a two-year period.[4] Although restrictive covenants are not favored in the law, *Orkin Exterminating Co. v. Pelfrey,* 237 Ga. 284 (227 SE2d 251) (1979), we find as a matter of law that the contract here between McDaniel and Puritan/Churchill was not unreasonable or overbroad. *Marcoin, Inc. v. Waldron,* 244 Ga. 169 (259 SE2d 433) (1979). The conduct of McDaniel in this case is strong evidence of the reasonableness of and necessity for some protection of an employer's expectations from those to whom his affairs are entrusted. *Kessler v. Puritan Chemical Co.,* 213 Ga. 845 (102 SE2d 495) (1958); *Morris-Forrester Oil Co. v. Taylor,* 158 Ga. 201 (122 SE 680) (1924).

2. As other issues now remain for decision, we remand this case for further proceedings not inconsistent with this opinion.

*Judgment reversed and remanded. All the Justices concur, except Hill, P. J. and Gregory, J., who concur specially, and Clarke and Smith, JJ., who dissent.*

DECIDED JANUARY 20, 1982 —
REHEARING DENIED FEBRUARY 3, 1982.

---

[4]We note here that in *Puritan/Churchill Chemical Co. v. Eubank,* 245 Ga. 334, 335 (1980), we held that the broader restrictions on "owning, managing, controlling, operating or even participating in owning, managing or controlling any business which is in competition with Puritan" in Puritan/Churchill's former contract were too vague and overbroad to be reasonable. The present contract does not contain this or similar provisions.

*Fulcher, Hagler, Reed, Obenshain, Hanks & Harper, W. M. Fulcher, Lefkoff, Pike, Fox & Sims, Joseph E. Lefkoff,* for appellant.
*McGahee, Plunkett, Benning, Fletcher & Harley, C. Thompson Harley, Paul K. Plunkett,* for appellees.

HILL, Presiding Justice, concurring specially.
Under the strict interpretation of covenants against competition given by this court in prior cases, the trial court should be affirmed.[1] The majority finds the employee's misconduct significant, as shown by the majority opinion. I share that view and hence join in the judgment. If, on the other hand, the employee had been innocent of misconduct, I believe the outcome would have been different.

Thus, I believe we have introduced into the law of employee restrictive covenants a balancing test — the propriety or impropriety of the employee's conduct weighed against the reasonableness or unreasonableness of the covenant against competition. However unpredictable and unmanageable this balancing test may prove to be in future cases, it is permissible in equity cases such as this.

A more manageable standard would be that a reasonable restrictive covenant be enforced against an employee who voluntarily leaves the employer to go into competition, but not be enforced against an employee discharged without good cause. The majority apparently opt for the less manageable balancing test. I concur in the judgment only.

I am authorized to state that Justice Gregory joins this concurring opinion.

---

[1]*Southeastern Beverage &c., Inc. v. Dillard,* 233 Ga. 346 (211 SE2d 299) (1974), and cases cited there; *C. V. Mosley Const. Co. v. McCuin,* 238 Ga. 503 (233 SE2d 763) (1977).