0969

PREFERRED RESEARCH, INC.,
Appellant v. Brian C. REEVE, Respondent.

(357 S. E. (2d) 489)

Court of Appeals

546

*Frank S. Potts*, of *Lewis, Lewis, Bruce & Truslow, P.A.*, Columbia, *for appellant.*

*Frank A. Barton*, of *Oswald & Floyd, P.A.*, West Columbia, *for respondent.*

Submitted April 15, 1987.

Decided June 1, 1987.

SHAW, Judge:

Appellant, Preferred Research, Inc., appeals a partial summary judgment granted to respondent, Brian C. Reeve, in Preferred's action to enforce a noncompetition agreement between the parties. We affirm.

In June of 1985, Preferred and Reeve entered into a licensing agreement in which Reeve agreed to perform real estate title work and related services for Preferred. The agreement was for ten years and covered a twelve county area in South Carolina. In March of 1986, Preferred terminated the agreement. Reeve, an attorney, continued to perform real estate work, including work for at least two entities he had worked with while under the licensing agreement with Preferred.

In April of 1986, Preferred brought an action against Reeve, seeking an injunction to enforce the licensing agreement. Preferred argued Reeve was violating the agreement's noncompetition clause by continuing to work with Preferred's customers. Preferred also sought an accounting and

the return of certain property in Reeve's possession. Reeve answered and claimed the noncompetition clause is void.

Subsequently, Reeve moved for judgment on the pleadings under Rule 12(c), S.C.R.C.P., or in the alternative, for summary judgment under Rule 56, S.C.R.C.P. Since Reeve submitted his deposition and other exhibits for consideration, the trial judge correctly treated the motion as one for summary judgment. Rule 12(c), S.C.R.C.P. The trial judge ruled the noncompetition clause is void and granted Reeve partial summary judgment on the issues of the noncompetition clause, the accounting, and attorney's fees. The judge ordered the issue of the return of property be determined by a trial on the merits.

The dispositive issue presented to this court by Preferred's appeal is whether the trial judge erred in determining the noncompetition clause is unreasonable and void as a matter of law.

The trial judge ruled the noncompetition clause is unreasonable and void because it is overbroad.

The parties agree, and the judge found, this agreement is governed by Georgia law. The agreement provides in part:

> In the event of termination of this Agreement for any reason whatsoever, Licensee shall not thereafter engage either directly or indirectly as principal or employee, alone or in association with others, in a similar business, *in any capacity*, to that licensed and established hereunder within an airline radius of twenty-five (25) miles of any of Licensee's places of business established under this Agreement and within the Territory described in Exhibit "B" attached hereto and by reference incorporated herein, for a period of twelve (12) months.

(Emphasis added).

This agreement is a licensing agreement, or essentially, like a franchise agreement. Thus, in analyzing the noncompetition clause, the agreement must be treated as an employment contract. *Watson v. Waffle House, Inc.*, 253 Ga. 671, 324 S. E. (2d) 175 (1985). Therefore, the covenant is nonseverable and "... overbreadth of one portion of the covenant so taints the entire covenant as to make it unenforceable." *Watson*, 324 S. E. (2d) at 177. Whether a

noncompetition clause is reasonable is a question of law and should be answered based on the wording of the clause. *Koger Properties, Inc. v. Adams-Cates Company*, 247 Ga. 68, 274 S. E. (2d) 329 (1981).

A noncompetition clause must be ". . . strictly limited in time and territorial effect, and . . . otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee." *National Teen-Ager Co. v. Scarborough*, 254 Ga. 467, 330 S. E. (2d) 711, 713 (1985), (quoting *Orkin Exterminating Co. v. Walker*, 251 Ga. 536, 307 S. E. (2d) 914 (1983)). Reeve does not challenge the restrictions as to time and territory. However the clause in question prevents Reeve from working "alone or in association with others, in a similar business, *in any capacity.* " (Emphasis added). The trial judge found this particular language unreasonably overbroad, and we agree.

In *Ponders, Inc. v. Norman*, 246 Ga. 647, 272 S. E. (2d) 345 (1980), the Georgia Supreme Court held a noncompetition clause prohibiting an employee from working "in any capacity" in a business or service "in competition with the business of the employer," was overbroad and unreasonable. We note the description of the employer's business in *Ponders, Inc.*, is no broader than in the instant case, in which Preferred's business is described in the agreement as:

> . . . a national service in the fields of courthouse records research and verification, title searches, title insurance commitments and policies, loan closings, real estate appraising, credit investigations, examination of records affecting title to real estate and personal property and related services.

We hold the noncompetition clause in this case is clearly unreasonable and thus, void, under the reasoning of *Ponders, Inc. v. Norman.*

Affirmed.

GARDNER and CURETON, JJ., concur.