## A92A1887. FLEURY v. AFAB, INC.
### (423 SE2d 49)

McMURRAY, Presiding Judge.

AFAB, Inc. d/b/a Fugi's Hair Designers ("Fugi") filed a complaint and a motion for a temporary restraining order against Melanie Fleury seeking to enjoin her from performing hairstyling services within two miles of Fugi's barber shop located at Buckhead Plaza in Atlanta, Georgia. Fugi alleged that Fleury is performing hairstyling services in violation of a covenant not to compete prohibiting her from competing with Fugi within one year after her termination of employment.

After a hearing on Fugi's motion for a temporary restraining order, the superior court enjoined Fleury from competing with Fugi "for a period of one (1) year from February 20, 1992, the date of termination of employment and within a two (2) mile radius from [Fugi's] place of employment located at Buckhead Plaza, Atlanta, Georgia, which injunction shall become effective after April 9, 1992." Fleury later filed a motion to dissolve the temporary restraining order and Fugi filed a motion to have Fleury held in contempt for performing hairstyling services in violation of the temporary restraining order. Fleury then filed an answer and a counterclaim, seeking damages for abusive litigation. Fleury also filed a motion to dismiss, arguing that the covenant not to compete is unenforceable because the activity restrictions are unreasonable and indefinite.

The superior court subsequently entered an order finding that Fleury began cutting and styling hair for Fugi after the parties entered into an employment agreement on October 4, 1989, and that the employment agreement included the following covenant not to compete: " 'To induce the Employer to enter into this Employment Agreement and as a condition precedent to this Contract, the Employee agrees that upon termination or expiration of Employee's employment with the Employer, Employee shall not, for a period [of] one (1) year and within a radius of two (2) miles from the Employee's

place of employment . . . enter into or engage in any duty or responsibility for which Employee performed for Employers, or any business performed by Employer, either as an employee of an existing or new business or on his/her own account, either as a proprietor, partner, joint venturer, or controlling stockholder of a corporation. This agreement shall not be construed to prohibit Employee from having an ownership interest in an industry related business so long as Employee is not employed by that business to perform the duties which Employee is performing for Employer hereunder.' "

The superior court also found that the employment relationship between Fleury and Fugi terminated on February 20, 1992, and that Fleury began performing hairstyling services less than two miles from Fugi's Buckhead based barber shop before the anniversary of Fleury's termination of employment. The superior court concluded that "the Covenant Not to Compete is enforceable and [ordered Fleury to] comply with the terms of the Covenant Not to Compete by 5:00 p.m., May 15, 1992." Appellant Fleury initially appealed to the Supreme Court of Georgia. However, that Court transferred the appeal to this Court, stating "[t]he central issue in this appeal involves the validity of a covenant not to compete." *Held*:

A covenant not to compete ancillary to an employment contract is "unreasonable where the nature of the business activities in which the employee is forbidden to engage is not specified with particularity. *Dixie Bearings, Inc. v. Walker*, [219 Ga. 353, 356 (133 SE2d 338)]; *Southeastern Beverage &c. Co. v. Dillard*, 233 Ga. 346 (211 SE2d 299) (1974), and cases cited. These indefinite business activities generally are identified by reference to the employer's business, e.g., the employee agrees not to engage in or be employed by any 'business similar to employer's business.' " *Howard Schultz &c. v. Broniec*, 239 Ga. 181, 184 (2) (236 SE2d 265).

In the case sub judice, the restrictive covenant prohibits Fleury from engaging "in any duty or responsibility for which [she] performed for [Fugi], or any business performed by [Fugi], either as an employee of an existing or new business or on his/her own account, either as a proprietor, partner, joint venturer, or controlling stockholder of a corporation." This covenant is unreasonable because Fleury is prohibited from working in any capacity for a competitor. The covenant also fails to specify with any particularity the activity Fleury is prohibited from performing. Consequently, the covenant "imposes a greater limitation upon the employee than is necessary for the protection of the employer and therefore is unenforceable. *Dunn v. Frank Miller Associates*, 237 Ga. 266 (227 SE2d 243) (1976); *Federated Mut. Ins. Co. v. Whitaker*, 232 Ga. 811 (209 SE2d 161) (1974); *Dixie Bearings, Inc. v. Walker*, supra." *Howard Schultz &c. v. Broniec*, 239 Ga. 181, 184 (2), supra. It follows that the superior court

erred in declaring the covenant enforceable and ordering Fleury to comply with the terms of the covenant. Further, genuine issues of material fact also remain as to Fleury's counterclaim for abusive litigation.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 29, 1992.

*Patricia B. Ball*, for appellant.
*Mark Weber, Mark A. Baker*, for appellee.