## A91A0862. S. HAMMOND STORY AGENCY, INC. v. BAER.
(414 SE2d 287)

CARLEY, Presiding Judge.

Alleging that appellee-defendant had breached a restrictive covenant ancillary to the sale of a business in which he had been a minority shareholder, appellant-plaintiff brought an action for breach of contract and tortious interference with business relations. The trial court granted appellee's motion for summary judgment and subsequently awarded appellee OCGA § 9-15-14 attorney's fees. Appellant appeals only the award of attorney's fees pursuant to this court's grant of its application for discretionary appeal.

Appellee urged that, although he had participated in the sale of the business, he had given the covenant only in his capacity as a post-sale employee of appellant and that, as written, the covenant would be unenforceable against him. Appellant did not contest that the covenant would be unenforceable against appellee in his capacity as a post-sale employee. Instead, appellant urged that appellee had given the covenant in his capacity as a seller of the business and that, as "blue penciled," the covenant would be enforceable against him. Both appellee and appellant acknowledged that the controlling legal principle for construction of the covenant was the following: "[W]here a trial judge is asked to determine the enforceability of a noncompetition covenant which the buyer of a business contends was given ancillary to the covenantor's relinquishment of his interest in the business to the buyer, and not given solely in return for the covenantor's continued employment, the judge must determine the covenantor's status. If it appears that his bargaining capacity was not significantly greater than that of a mere employee, then the covenant should be treated like a covenant ancillary to an employment contract, and '(a)s such, it should be enforced as written or not at all.' [Cit.]" *White v. Fletcher/Mayo/Assoc.*, 251 Ga. 203, 208 (303 SE2d 746) (1983). The trial court found that appellee's bargaining capacity was no greater than that of a "mere employee" and that appellant's contentions to the contrary warranted the imposition of OCGA § 9-15-14 attorney's fees.

In determining that the covenantor in *White* had a bargaining capacity no greater than that of a "mere employee," the Supreme Court considered several factors to be relevant. When those same factors are considered in light of the evidence adduced in the instant case, appellee's bargaining power was certainly no greater than that of the "mere employee" in *White*. Appellant urges that even if appellee's unilateral bargaining power was no greater than that of a "mere employee," he, unlike the "mere employee" in *White*, had enhanced his limited bargaining power by delegating it to the two controlling shareholders. However, appellant suggests no reason why appellee

"could [not] reasonably have assumed that if he did not do as [the controlling shareholders] wished he would be stigmatized as not being a team player, thereby jeopardizing his career prospects with [appellant]." *White v. Fletcher/Mayo/Assoc.*, supra at 207. Accordingly, the delegation of appellee's limited bargaining capacity to those who were *already* the controlling shareholders would certainly *not* be inconsistent with his status as a "mere employee." Furthermore, there was no probative evidence of any delegation by appellee of his bargaining capacity. Although appellee admitted that he had accepted the controlling shareholders' portrayal of the merger as extremely profitable, he specifically denied ever having delegated his bargaining capacity to the controlling shareholders. Hearsay evidence of any representation purportedly made by the controlling shareholders that appellee had delegated his bargaining capacity to them would be inadmissible and non-probative of their agency. See *Booth v. Watson*, 153 Ga. App. 672, 674-675 (1) (266 SE2d 326) (1980).

Unless *White v. Fletcher/Mayo/Assoc.*, supra, was distinguishable, that decision clearly controlled adversely to appellant's claim. The trial court was authorized to find that appellant made no attempt to distinguish that controlling authority such as would foreclose the assessment of OCGA § 9-15-14 attorney's fees. "The trial court awarded [only those] attorney['s] fees and expenses of litigation [incurred after appellee requested appellant to dismiss the action,] on the basis of both OCGA § 9-15-14 (a) and (b). OCGA § 9-15-14 (a) provides for a mandatory award. The standard of review for this section is the 'any evidence' rule. OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion. Under both standards the record supports the trial court's award." *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4c) (360 SE2d 566) (1987).

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED DECEMBER 2, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991 — ■

*Schulten & Ward, W. Scott Schulten, Mark S. Izenson*, for appellant.

*Wimberly & Lawson, Scott J. Fuller, Martin H. Steckel*, for appellee.