A99A0055. RUSSELL DANIEL IRRIGATION COMPANY, LTD.
et al. v. CORAM.
(516 SE2d 804)

Judge Harold R. Banke.

After working several years for Russell Daniel Irrigation Company, Ltd. ("RDIC"), John Coram was allowed to become a part owner in the company by purchasing a limited partnership interest and signing on to the limited partnership agreement, which contained a non-compete agreement. Simultaneously, he and the other limited partners were required to execute employment agreements that contained a different non-compete covenant. Five years later he left for another company in the irrigation business.

When he sued RDIC to collect on monies owed him under the partnership agreement, RDIC counterclaimed for damages for breach of the restrictive covenants. Arguing the restrictive covenants in both agreements were unenforceable, Coram successfully moved for partial summary judgment on the counterclaim. RDIC appeals only with respect to the enforceability of the non-compete covenant found in the employment agreement.

1. Strict scrutiny applies to covenants ancillary to employment agreements, whereas a much lesser degree of scrutiny applies to covenants ancillary to the sale of a business; a middle level of scrutiny

applies to covenants found in professional partnership agreements. *Habif, Arogeti & Wynne, P.C. v. Baggett*, 231 Ga. App. 289 (1) (498 SE2d 346) (1998).

RDIC claims Coram falls in the middle category because he received partnership interests on the same date he executed the employment agreement. This argument fails for two independent reasons.

First, the limited partnership agreement had its own restrictive covenant in addition to the restrictive covenant contained in the employment agreement, which subjects the latter covenant to strict scrutiny. See *Johnstone v. Tom's Amusement Co.*, 228 Ga. App. 296, 298 (2) (491 SE2d 394) (1997) (physical precedent only); *Arnall Ins. Agency v. Arnall*, 196 Ga. App. 414, 419 (2) (396 SE2d 257) (1990) (physical precedent only). Subjecting two restrictive covenants to different treatment, even though found in agreements executed as part of the same transaction, is consistent with the rationale behind the different levels of scrutiny. When one is selling a business or purchasing partnership interests, more weighty consideration is being offered in exchange for the non-compete covenant. The business seller is receiving substantial consideration for the business he has built up, the value of which would be significantly diminished to the buyer if he were allowed to compete in the same market. The potential partner will receive a share of the profits, which profits are generally protected by non-compete covenants required from the other partners. Thus, non-compete covenants found in sale of business or partnership agreements are generally afforded greater degrees of latitude. If the business seller or potential partner as a part of the transaction also enters into a separate employment agreement with its own additional non-compete covenant, then the consideration received for that covenant is usually less (generally employment benefits such as salary and insurance coverage), subjecting it to a stricter level of scrutiny. The context and consideration of the two restrictive covenants being different, they are subject to different levels of scrutiny.

Second, the surrounding circumstances evince that Coram did not have bargaining power equivalent to that of RDIC or of a professional negotiating a partnership agreement. "If it appears that his bargaining capacity was not significantly greater than that of a mere employee, then the covenant should be treated like a covenant ancillary to an employment contract. . . ." *White v. Fletcher/Mayo/Assoc.*, 251 Ga. 203, 208 (303 SE2d 746) (1983); see *S. Hammond Story Agency v. Baer*, 202 Ga. App. 281 (414 SE2d 287) (1991).

Coram had worked at RDIC for nine years and was vying for an ownership in the business. Even though he became part owner of the business as a *result* of the transaction (owning ten percent), he had

the bargaining power of only a mere employee at the time he *negotiated* the transaction. See *Johnstone*, supra, 228 Ga. App. at 300 (Johnstone was employee at time he negotiated lease with his employer; strict scrutiny applied). Compare *Baggett*, supra, 231 Ga. App. at 291 (Baggett had been partner/shareholder of promisee for 13 years at time he negotiated restrictive covenant; middle level of scrutiny applied).

These circumstances differ substantially from cases applying the middle level of scrutiny. See, e.g., *Rash v. Toccoa Clinic Med. Assoc.*, 253 Ga. 322, 325-326 (2) (320 SE2d 170) (1984); *Baggett*, supra, 231 Ga. App. at 290-291 (1). These cases involved professionals, either public accountants or physicians, who either were already partners at the time of negotiation or were in such demand that they were being recruited to join the partnership or professional corporation as an owner. The bargaining power wielded by these individuals was far greater than that of Coram, who as a non-professional employee, was negotiating with his employer for the privilege of owning a piece of the business. Even though he may have been an important employee in RDIC, he was still an employee and could reasonably have assumed that if he did not do as RDIC wished, he would be stigmatized as not being a team player, thereby jeopardizing his career prospects with RDIC. *White*, supra, 251 Ga. at 207.

The court did not err in scrutinizing the employment restrictive covenants strictly.

2. Under the strict scrutiny accorded restrictive covenants ancillary to employment agreements, the covenant is unenforceable because it is overbroad and indefinite. It provides:

> During the term of his employment, the Employee having been responsible for all phases of the operation of the Russell Daniel Irrigation Company, Ltd. at its Athens location, it is hereby agreed that after the expiration of this Agreement or any renewals thereof, or after termination for cause, the Employee will not, for a period of two (2) years following the termination of employment, personally engage in any activity which is directly competitive with any activity engaged in by the Russell Daniel Irrigation Company, Ltd. at its Athens, Havana, Tifton location[s] at the time of his termination. The limitation on directly competitive activities shall apply only in the following counties: [13 counties listed] and it is expressly acknowledged and agreed by both parties that the Employee solicited and did business on behalf of the Employer in each of the above-named counties.

(a) The scope of activities proscribed by the covenant is too large.

Coram is prohibited from engaging in *any activity* directly competitive with *any activity* engaged in by RDIC at its three locations. This covenant is unenforceable because it purports to prevent Coram from obtaining employment with any competitor in any capacity. Such a restriction has repeatedly been held to be overbroad, unreasonable, and prohibited by the Georgia Constitution. *Wolff v. Protege Systems*, 234 Ga. App. 251, 252 (1) (506 SE2d 429) (1998).

Only if the employee is the "heart and soul" of the business and has been involved in every facet of the business may the covenant prohibit him from working in a specified business area, and then only in a very restricted territory and for a short period of time. *Watson v. Waffle House*, 253 Ga. 671, 673 (2) (324 SE2d 175) (1985). Because the evidence does not show that Coram was the heart and soul of the Havana and Tifton businesses, this exception does not apply.

(b) Moreover, the restriction against engaging in activities competitive with activities engaged in by RDIC is too indefinite. *Uni-Worth Enterprises v. Wilson*, 244 Ga. 636, 639 (1) (261 SE2d 572) (1979). Inasmuch as blue-penciling is not available to re-write defective employment restrictive covenants (*Richard P. Rita Personnel Svcs. Intl. v. Kot*, 229 Ga. 314 (191 SE2d 79) (1972)), the court correctly held the covenant unenforceable.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 1999.

*Dan A. Aldridge, Jr.*, for appellants.

*Blasingame, Burch, Garrard, Bryant & Ashley, Thomas H. Rogers, Jr.*, for appellee.